CHARLES A. COE, Respondent, *v.* JOSEPH H. HOBBY et al.,
Appellants.

An agreement for a new lease will not effect the surrender of an existing lease by operation of law, unless a new lease is made, valid in law to pass an interest according to the contract and intention of the parties.

A verbal agreement, therefore, for a term longer than one year, will not operate as a surrender of an existing lease under seal.

In an action to recover rent alleged to be due under and by the terms of a lease under seal for ten years, defendants gave evidence tending to show that after the expiration of three years of the tenancy, the parties agreed by parol that the rent should thereafter be reduced $1,000 per annum, and that the lessor should have the right to terminate the lease upon giving three months' notice. *Held*, that, assuming the agreement to be valid, it did not constitute a new lease, but was simply a modification of the terms of the original demise, leaving all the other terms and conditions intact; and that an intention to surrender the existing lease could not be inferred therefrom.

The agreement for a reduction of the rent, as testified to by one of the defendants, was made during the pendency of a suit to recover a quarter's rent past due. The agreement for a contingent surrender of the lease was made at a subsequent time, and had no connection with the former agreement. *Held*, that the agreement to reduce rent was void for the want of consideration ; that the payment of the costs in the action pending, for which defendant was legally liable, furnished no consideration, nor did the subsequent agreement.

A contract or covenant under seal cannot be modified, before breach, by a parol executory contract.

(Argued December 18, 1877; decided January 15, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiff entered upon a verdict. (Reported below, 7 Hun, 157.)

This action was brought to recover $1,250 for a quarter's rent alleged to be due August 1st, 1873, under a lease to defendant of certain premises situate in the city of New York.

The defendants were tenants under a lease, under seal, for ten years from May, 1869, at an annual rent of $5,000,

executed by Louisa A. Ingersoll, then the owner of the fee, who, on the 15th May, 1873, conveyed the premises, subject to the lease, to the plaintiff. The defense was, that before the purchase by the plaintiff, his grantor and the defendants' lessor had reduced the rent to $4,000; that the lease had been surrendered; and that the defendants, from February, 1872, to May, 1873, had occupied the premises as tenants, from year to year, at such reduced rent. The alleged new agreement was not in writing. Defendant, Joseph H. Hobby, testified in reference thereto as follows:

"Have occupied the premises in question about ten years. I entered into possession under the lease which has been introduced in evidence. In or about the quarter commencing November 1, 1871, I informed Mr. Ingersoll that we could not pay so large a rent; that it was too large, and that we must come down to the original price which we at first agreed upon, and which was $4,000, or $1,000 per quarter. He did not feel inclined to acquiesce in this, and wished me to wait until the next year. I replied that we could not do it; that other parties would give me twenty per cent off. So I paid him $500 on account of this quarter's rent, and Mrs. Ingersoll then commenced suit against us for the balance of $750, and sent her attorney to me with propositions of settlement, which were not accepted. Her attorney was a gentleman named Hollis. He asked me what proposition I had to make, and I told him. He went to Ingersoll, and came back to me and said that if I would pay the costs of court he would withdraw the suit, and the rent should be $4,000 a year. I did so, and have paid that rent up to the time Mr. Coe demanded of me $1,250.

"The costs which I paid were, I think, $17.50, and for the respective quarters' rents, which I paid, I took the receipts now shown me."

He further testified as follows: "Mr Ingersoll never asked for more rent. He did ask permission to sell the store, and told me I should have $2,000 if I got a customer and moved out, and $1,000 if somebody else sold it and I moved out.

I did not make any bargain to continue any longer than till he could sell the store, provided he gave me the thousand dollars and gave me notice.

"Q. You agreed to move out on three months' notice, if paid your expenses? A. Yes, sir.

"Q. I am speaking of the other point. I understood you to say you did state to Ingersoll, after you paid the costs, and suit discontinued, that you had agreed with Hollis that this reduction of rent was to continue as long as you were a tenant there? A. Yes, sir.

"Q. And not for a year; there was no such statement made? A. No, sir, provided he sold the store.

"Q. Then you were to have the privilege of moving out on giving three months' notice? A. Yes, sir.

"Q. The reduction of the rent was to continue as long as you stayed? A. Yes, sir."

The payments of rent, after the agreement thus stated to have been made, were at the rate of $4,000 per annum, and receipts were given in full for the rent thus paid up to the time when it became due.

Upon the conclusion of the evidence, the defendants asked leave to go to the jury on the question of fact, whether the agreement, which was disputed by the plaintiff, was made as testified by the defendant Hobby. This request was denied, and the defendants duly excepted.

The court directed a verdict for plaintiff for the amount claimed, to which defendants duly excepted. A verdict was rendered accordingly.

*Charles Edward Souther*, for appellants.

*Jno. E. Parsons*, for respondent. No surrender of the lease was proved. (3 R. S. [6th ed.], 141, §§ 6, 8.) To effect a surrender by act or operation of law, there must be a valid agreement between the parties that the lease shall terminate, and an actual yielding up of the premises. (*Bedford* v. *Terhune*, 30 N. Y., 453; *Whitney* v. *Myers*, 1 Duer,

266; *McKenzie* v. *Farrell*, 4 Bosw., 192; *Foquet* v. *Moor*, 7 Exch., 870; Brown on Stat. of Frauds, 41–57; Roberts on Frauds, 248; *Rowan* v. *Lytle*, 11 Wend., 617; *Schieffelin* v. *Carpenter*, 15 id., 400; *Wilson* v. *Lester*, 64 Barb., 431.) Such a surrender exists only when the new estate accepted by the lessee is created in writing. (Roberts on Frauds, 253, 254; 3 R. S. [6th ed.], 141; 4 Kent's Com., 103, 104; *Lawrence* v. *Brown*, 5 N. Y., 394, 404.) A lease for ten years cannot be varied by parol. (2 Taylor on Ev. [6th ed.], 997; 1 Chitty on Con., 155; Brown on Stat. of Frauds, § 411; *Shufeldt* v. *Gustin*, 2 E. D. S., 57; *Goss* v. *Ld. Nugent*, 5 B. & A., 58; *Harvey* v. *Grabham*, 5 A. & E., 61; *Stead* v. *Dawber*, 10 id., 57; *Marshall* v. *Lynn*, 6 M. & W., 109; *Moore* v. *Campbell*, 10 Exch., 323; *Noble* v. *Ward* [L. R.], 1 Exch., 117; *Dana* v. *Hancock*, 30 Vt., 616; *Blood* v. *Goodrich*, 9 Wend., 68; *Hasbrouck* v. *Tappen*, 15 J. R., 200; 3 Pars. on Con. [6th ed.], 56; 2 Story's Eq., 66; *Burlingame* v. *Burlingame*, 7 Cow., 92; *King* v. *Brown*, 2 Hill, 485; *Richmond* v. *Foote*, 3 Lans., 344; *Pier* v. *Finch*, 29 Barb., 170; *McKyring* v. *Bull*, 16 N. Y., 297; *Hamilton* v. *N. Y. C. R. R. Co.*, 51 id., 100; *Dennis* v. *Snell*, 54 Barb., 411.)

ALLEN, J.    The matter in controversy is but two hundred and fifty dollars, and the interest on that sum—in all less than five hundred dollars. The only question involved is whether the plaintiff was entitled to recover for the quarter's rent of the demised premises, conceded to be due and owing at the rate of five thousand dollars per annum. It was said upon the argument, when the attention of counsel was called to the question whether an appeal could be brought, except upon leave granted, that the appeal had been brought before the passage of the act of 1874 limiting appeals to this court. This was doubtless said by counsel through a misapprehension of the question, or some inadvertence, and not intentional, for the record discloses the fact that the judgment from which the appeal is brought was given in March, 1876, and after the passage of the act referred to, and the notice

of appeal is dated June 12, 1876. The appeal might be dismissed as not allowed by the act of 1874, or the Revised Code. (Laws of 1874, chap. 322; R. C., § 191, sub. 3.) But inasmuch as the appeal was elaborately argued, and the question involved is of importance as affecting the future relations and obligations of the parties during the term of the original demise, it is proper briefly to consider the case upon its merits.

The defendants contend that they are no longer liable upon and according to the lease made in 1868, from Mrs. Ingersoll, the plaintiff's grantor and assignor, to the defendants, upon the ground that by the act of the parties and operation of law, that lease was surrendered in 1872, and that from that time the occupation of the premises by the defendants has been in pursuance of a new contract of hiring, then made, at a different rent and upon different terms. There was no written surrender or cancellation of the original lease; neither was there any surrender of the possession of the demised premises, nor was any authority or dominion over the premises exercised by the landlord inconsistent with the rights of the tenant under that demise. Neither was there at any time any contract or lease, by deed or in writing, between the parties other than the indenture of 1868.

The claim is that there was a new letting of the premises by the lessor to the defendants at the time mentioned, by parol, and that by reason of such parol letting the original lease, and the term thereby created, were by act and operation of law surrendered.

A surrender is the restoring and yielding up an estate or interest in lands to one who has an immediate estate in reversion or remainder, and by the statute of frauds a term exceeding one year cannot be surrendered, unless by act or operation of law, or by a deed or conveyance in writing. (2 R. S., 134, § 6.) A surrender is implied and so effected by operation of law within the statute quoted, when another estate is created by the reversioner or remainderman, with the assent of the termor, incompatible with the existing estate

or term. In the case of a term for years, or for life, it may be by the acceptance by the lessee or termor of an estate incompatible with the term, or by the taking of a new lease by a lessee. It will not be implied against the intent of the parties, as manifested by their acts; and when such intention cannot be presumed, without doing violence to common sense, the presumption will not be supported. (*Van Rensselaer's Heirs* v. *Penniman*, 6 Wend., 569.)

In the case referred to, the devisee of the lessor had made a new lease to the assignee of the lessee for the same time, and upon the same conditions as the first lease, but it was held that the original lease was not thereby surrendered, but remained in force, entitling the lessee and his assignees to the benefits of its provisions, and that under the circumstances the new lease was probably given to confirm the prior lease, and to give the lessee greater security for his improvements than he had by the first lease. There is an implication of intention to surrender an existing lease upon the giving of a second lease, for the reason that the lessor cannot legally execute a second lease of the same premises during the term of a first lease; and when the lessee accepts a second lease unexplained, he admits the power of the lessor which he cannot legally have without a surrender of the first. The presumption of law is, therefore, that a surrender has been made. (*Livingston* v. *Potts*, 16 J. R., 28; *Schieffelin* v. *Carpenter*, 15 Wend., 400.) It is said in that case by Nelson, J., that unless such new lease be executed so as to pass an interest according to the contract and intention of the parties, it will not operate as a surrender of the prior lease by operation of law, and it was so held where there was a parol letting for a term of years to third persons, who had entered into possession and paid rent to the landlord for a portion of the term agreed upon. The conclusion was that a valid parol lease, since the statute of frauds might produce a surrender in law, and that the true rule was as laid down in 2 Starkie's Ev., 342, that the taking a new lease by parol is by operation of law a surrender of

the old one, although it be by deed, provided it be a good one, and pass an interest according to the contract and intention of the parties; for otherwise the acceptance of it is no implied surrender of the old one. (See, also, *Bedford* v. *Terhune*, 30 N. Y., 453, approving this case. See, also, *Rowan* v. *Lytle*, 11 Wend., 617, and *Lawrence* v. *Brown*, 1 Seld. 394, 404. In England the rule is that if there be a tenancy under a lease, and the parties make a verbal agreement for a sufficient consideration, that instead of the existing term, there shall be a tenancy from year to year, at a different rent, that would not be a surrender of the lease by operation of law. (*Foquet* v. *Moor*, 7 Exch., 870.) The farthest that our courts have gone, is to hold that to effect a surrender of an existing lease by operation of law, there must be a new lease, valid in law, to pass an interest according to the contract and intention of the parties. Within this rule there was no surrender of the lease upon which this action is brought. There was no new lease which could take effect according to the verbal contract of the parties as stated by the defendant. The claim is that in 1872, by the verbal agreement of the parties, there was in effect a new lease for the unexpired term of seven years, at a reduced rent, with liberty to the lessee to terminate the lease at any time on giving three month's notice. This could only operate as a lease from year to year, as long as the parties elected to continue the relation. (*Schuyler* v. *Leggett*, 2 Cow., 660; *People* v. *Rickert*, 8 id., 226; *Lounsbery* v. *Snyder*, 31 N. Y., 514.) This was not the contract intended by the parties, and there was therefore no surrender of the existing lease implied by law as resulting from the intention of the parties. But there was no new lease, or a letting from year to year, as the legal result of a verbal lease for a term of years. Assuming that the contract and agreement of the parties was that from the time of making it, the rent should be reduced to $4,000 dollars per annum, and that the lessor should have the right to terminate the lease upon notice, and that such agreement was valid, it was but a modification of the terms

of the original demise, leaving all the other covenants and conditions intact. There was no agreement inconsistent with the existing lease, or any assumption of dominion over the estate by the lessor inconsistent with the term vested in the lessee. Each, in dealing with the other, dealt with matters over which they had control under and by virtue of the lease.

The lessor assumed to release his right to a portion of the rent, which he might lawfully do, and the lessee undertook to yield conditionally, and upon notice in the future, a portion of his term. It cannot be assumed or implied from such agreement that a surrender of the old lease was contemplated by either party. The lease continued in full force, except as modified by the agreement. It is preposterous to say that a reduction of the rent is a surrender of an existing lease, and the granting of a new one. The new agreement in such case is virtually incorporated into, and made a part of the antecedent agreement, and the two would constitute the lease for the unexpired term. (*Evans* v. *Thompson*, 5 East, 193; *Hasbrouck* v. *Tappen*, 15 J. R., 200.) There was no surrender of the lease by operation of law, for the reason that there was no dealing with the estate by the lessor incompatible with the lease, and no new letting of the premises by parol or otherwise.

The defendants, in their answer, and upon the trial, relied upon an alleged surrender of the lease; but upon appeal they contend that there was a valid agreement to reduce the rent, and that they are now entitled to the benefit of such modification of the terms of the lease. At most, the agreement alleged was executory and verbal, and it is well settled that before breach a covenant or contract, under seal, cannot be modified by a parol executory contract. (*Delacroix* v. *Bulkley*, 13 Wend., 71; *Allen* v. *Jaquish*, 21 id., 628; *Hasbrouck* v. *Tappen, supra.*) If the evidence is examined, it will be seen that there was no agreement by parol upon any consideration to reduce the rent proved. It must be assumed, by reason of the refusal of the learned judge at the Circuit to

submit the question to the jury, that the facts would have been found as testified to by the witness Joseph H. Hobby, notwithstanding he was contradicted by the other witnesses. He proved no consideration for the promise of the lessee to abate from the rent. He testified that the agreement was made with Mr. Hollis, the attorney for the landlord, in an action then pending for the recovery of a quarter's rent past due. The defendants were legally liable for the full rent and the costs of the action, and the payment of the costs constituted no consideration for a diminution of the rent for the residue of the term, even if the very vague language of Mr. Hollis could be construed as intending a reduction of the rent for the whole of the unexpired term.

The agreement for a contingent surrender of the lease in the future was made at a subsequent time, if at all, and with another person acting for the landlord, and upon an independent consideration, and had no connection with the agreement alleged to have been made with Mr. Hollis, in behalf of the landlord, to accept the reduced rent.

The defense wholly failed upon both branches, and the judgment must be affirmed.

All concur.

Judgment affirmed.