JANE McKENZIE et al., Respondents, *v.* CHARLES HARRISON et al., Appellants.

Upon trial of an action to recover a balance of rent alleged to be due and unpaid upon a lease, under seal, of certain premises for ten years, at an annual rental, defendants offered to prove that after they had occupied the premises for one year, paying the rent in full, plaintiffs agreed orally to reduce the rent $1,000 a year, and thereafter defendants paid at the reduced rate and plaintiffs gave them receipts in full for three years, when they were notified by plaintiffs that they must pay the rent provided for by the lease, and thereafter such rent was paid until this action was commenced to recover the balance unpaid for the three years. This evidence was excluded and a verdict rendered for the amount claimed. *Held,* error; that while the oral agreement to reduce the rent, so far as it remained unexecuted, was void, and the lessor could repudiate it, so far as executed, plaintiffs could not revoke it or maintain an action to recover the sum deducted; that from the evidence excluded the jury might have found a gift of the amount deducted.

The distinction pointed out between this case and those asserting the rule that the payment of a less sum than an admitted debt is not a good accord and satisfaction.

(Argued January 27, 1890; decided April 22, 1890.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 13, 1887, which overruled exceptions ordered to be heard in that court in the first instance, and directed a judgment in favor of plaintiffs to be entered upon the verdict directed by the court.

The nature of the action and the facts are sufficiently stated in the opinion.

*N. B. Hoxie* for appellants. The case of *Coe* v. *Hobby* (7 Hun, 157; 72 N. Y. 141), upon which the court below at General Term based its judgment, should not and does not govern this case. In that case the agreement was executory, unperformed in whole or in part, and the court was asked to compel the performance of it. In the present case the agreement had been fully executed and the defendants were not seeking to compel a performance of it, but simply resisting an attempt of the plaintiffs to repudiate and annul it, and this they were justified in doing. (*Delacroix* v. *Bulkley,* 13 Wend. 71; *Allen* v. *Jaquish,* 21 id. 628; *Hasbrouck* v. *Tappan,* 15 Johns. 200; *Smith* v. *Kerr,* 108 N. Y. 31; 2 Parsons on Cont. [3d ed.] 518; *Nicholl* v. *Burke,* 78 N. Y. 580.) A sealed agreement may be modified by an executed parol agreement. (*Fleming* v. *Gilbert,* 3 Johns. 528; *Pierrepont* v. *Barnard,* 6 N. Y. 279; *Edmunds* v. *Van Benschoten,* 12 Barb. 366, 370; *Stone* v. *Sprague,* 29 id. 509, 515; *Dearborn* v. *Cross,* 7 Cow. 48; *Delacroix* v. *Bulkley,* 13 Wend. 71; *Hogan* v. *Krumweide,* 25 Hun, 117; *Keeler* v. *Salisbury,* 33 N. Y. 648, 655; *Strang* v. *Holmes,* 7 Cow. 224; *Mayor, etc.,* v. *Butler,* 1 Barb. 325; *Jeffers* v. *Bantley,* 47 Hun, 90; *Lawrence* v. *Baker,* 9 Daly, 140; *Heathcock* v. *Cruikshank,* 2 T. R. 24.) The rule that the payment of a portion of a debt cannot be pleaded as an accord and satisfaction to the claim for the larger sum, does not sustain the judgment in the present case. (*Bidder* v. *Bridges,* L. R. [37 Ch. Div.] 406, 417; *Goddard* v. *O'Brien,* L. R. [9 Q. B.] 37; *Jaffray* v. *Davis,* 48 Hun, 500; *Milliken* v. *Brown,* 1 Rawle, 391.)

*Edward W. S. Johnston* for respondents. The plaintiffs' claim cannot be defeated except by proof of valid agreement to reduce the rent, and a surrender of the written lease. There was no offer to show any consideration for the alleged parol agreement to reduce, and the parties returned, by defendants' own showing, to the terms of the original written lease. (*Coe* v. *Hobby*, 72 N. Y. 141 ; *Smith* v. *Kerr*, 33 Hun, 567 ; *Lynch* v. *McBeth*, 7 How. Pr. 113 ; *Swain* v. *Seamens*, 76 W. S. R. 254, 271 ; *Emerson* v. *Slater*, 63 id. 42 ; 1 Benjamin on Sales, 184, 358, §§ 240, 245 ; *Hill* v. *Blade*, 97 N. Y. 222.)

HAIGHT, J. This action was brought to recover the amount of rent alleged to be due and unpaid upon a lease of real estate in the city of New York. It appears that the parties had made and executed a lease under seal whereby the plaintiffs leased to the defendants the store and premises known as No. 16 Fourth street for the term of ten years from May 1, 1877, for the annual rental of $4,500, payable quarterly. Upon the trial the defendants offered to prove in substance that after they had occupied the premises for one year under the lease and paid the rent in full for that year, that they reported to the plaintiffs that their business was very dull and that they could not afford to pay so much rent. That, thereupon, the plaintiffs agreed to reduce the rent $1,000 per year, making $3,500 a year, or $875 for each quarter. That, thereafter, the defendants, at the end of each quarter, paid the plaintiffs $875, and the plaintiffs executed and delivered to them a receipt for that amount *in full for balance of rent due at that date as per agreement* "*until times are better.*" That this continued for three years, after which the plaintiffs notified the defendants that, thereafter, they wished them to pay the amount of rent originally provided for by the lease, and that, thereafter, the full amount of rent was paid until the commencement of this action in December, 1886. This evidence was excluded by the trial court and a verdict ordered for the plaintiffs for the full amount claimed.

The General Term was of the opinion that the case of *Coe* v. *Hobby* (7 Hun, 157; 72 N. Y. 141) disposed of the questions involved in this case. The facts in that case are very similar to those which were offered to be proved in this, but in that case the action was brought for a quarter's rent which had become due, no part of which had been paid, the lessor refusing to any longer accept the reduced amount agreed upon; and he did not seek or claim the right to recover the balance of the quarterly rents which had previously been paid in part under the agreement and for which a receipt had been given in full. The distinction, therefore, between the two cases is apparent. In that case the lessor was seeking to enforce the provisions of his lease which was under seal, and collect a quarter's rent then due and owing. The lessees were defending under an executory verbal contract to reduce the rent. Whilst in this case, the lessees are defending under an executed oral agreement to the effect that the rent has been paid and accepted in full and is evidenced by a written receipt given therefor.

We shall not question the rule that a contract or covenant under seal cannot be modified by a parol unexecuted contract. (*Coe* v. *Hobby*, *supra*; *Smith* v. *Kerr*, 33 Hun, 567–571; 108 N. Y. 31.) Neither shall we question the views of the court below to the effect that the alleged oral agreement in this case to reduce the rent $1,000 per year was void and inoperative in so far as it remained unexecuted. The lessors had the right to repudiate it at any time and demand the full amount of rent provided for by the lease; but in so far as the oral agreement had become executed, as to the payments which had fallen due and had been paid and accepted in full as per the oral agreement, we think the rule invoked has no application.

The reason of the rule was founded upon public policy. It was not regarded as safe or prudent to permit the contract of parties which had been carefully reduced to writing and executed under seal to be modified or changed by the testimony of witnesses as to the parol statements or agreements of parties. Hence the rule that testimony of parol agreements

shall not be competent as evidence to impeach, vary or modify written agreements or covenants under seal. But the parties may waive this rule and carry out and perform the agreements under seal as changed or modified by the parol agreement, thus executing both agreements, and where this has been done and the parties have settled with a full knowledge of the facts and in the absence of fraud, there is no power to revoke or remedy reserved to either party. (*Monroe* v. *Perkins*, 9 Pick. 298; *Lattimore* v. *Harsen*, 14 Johns. 329; *McCreery* v. *Day*, 28 N. Y. S. R. 597.)

So in this case, if as is claimed, the parol agreement was made to reduce the rent $1,000 per year and that agreement has been carried out and fully executed by the parties and at the end of each quarter when the rent by the terms of the lease became due and payable, the reduced sum as agreed upon by the parol agreement was paid and the parties settled upon that basis, and as evidence of such settlement, the plaintiff gave a receipt in full for the amount of rent due to that date, it became executed and the plaintiffs cannot revoke the same or maintain this action to recover any greater sum than that settled for.

It is also claimed that the oral agreement was void for the want of a consideration. Assume this to be so, and that the plaintiffs, at any time whilst the agreement remained executory, had the right to demand the full amount of rent provided for by the lease. They, however, had the right to waive consideration and carry out their parol agreement, and if they did this executing it, they were brought within the rule to which we have already called attention.

To illustrate: A may give B his promissory note without consideration. As long as it remains in the hands of B, A may interpose the defense that it was given for B's accommodation, and was without consideration. But as soon as A executed his promise to B by paying the note, his agreement becomes executed and he cannot recover back the money so paid.

It may be claimed that the payment of a less sum than the admitted debt is not good as an accord and satisfaction. There

are numerous authorities sustaining this doctrine.    Lord Coke stated the rule to be that where the condition is for the payment of a definite, fixed liquidated sum, the obligor cannot, at the time appointed, pay a less sum in satisfaction of the whole because it is apparent that the lesser sum of money cannot be a satisfaction of a greater.

This rule has been criticised as unsound and unjust in cases where the lesser sum is accepted in full satisfaction of the greater.    (See *Foakes* v. *Beer*, Coke's Littleton, 212 B ; 1 App. Cas. [H. of L.] 605, 614–617; *Jaffray* v. *Davis*, 48 Hun, 500.)

Whilst in other cases the courts have gone still further and held that the rule applied even in cases where the payment was accepted in full satisfaction and a receipt given therefor. (*Harriman* v. *Harriman*, 12 Gray, 341 ; *Smith* v. *Phillips*, 77 Vir. 548 ; *Runge* v. *Koop*, 48 N. Y. 225 ; *Wilkeson* v. *Byers*, Lang. S. C. 197–201.)

Under the view taken by us of this case, it does not become necessary to approve or disapprove of the doctrine promulgated in these cases, for this rule has no application when the payment is made under an agreement which is recognized as valid by the parties and has been fully executed.

Again, a debt could be discharged at common law by executing a formal release under seal.    The seal imported a consideration, and this has not been questioned by any of the cases.

There undoubtedly is a distinction between releases under seal and an ordinary receipt given on the payment of a sum of money which is not under seal, the latter being subject to explanation and proof showing that it was given without consideration.

But even though there may not be an accord and satisfaction, there may be a gift, and the receipt may be evidence of such gift.    A gift is a voluntary transfer of any property or thing by one to another without consideration.    To be valid it must be executed.    There must be a delivery by the donor such as will place the property or thing given under the con-

trol of the donee, and there must be an intent to vest the title in him. Actual and personal delivery by the donor is not always necessary, for when another person is the custodian an order of the donor to deliver to the donee may constitute a gift. It may be oral or in writing. No formal words or expressions are required. It is a question of intent, and the inquiry is as to what was intended by that which was said and done. A promissory note or other evidence of debt may be the subject of a gift, and the delivery of the note or of the evidence of debt is evidence tending to show an intent to give. A debt may be forgiven and a receipt in full may be evidence of such forgiveness. (2 Schouler on Per. Prop. 68–90; Bishop on Cont. § 50.)

In the case of *Gray* v. *Barton* (55 N. Y. 68) the defendant was owing the plaintiff the sum of $820. The plaintiff told him that if he would give him one dollar to make it lawful he would give him the entire debt. Whereupon the defendant delivered one dollar to the plaintiff, who thereupon executed and delivered a receipt therefor in full to balance all accounts to date of whatever name and nature. It was held that the executing and delivery of the receipt in full with the purpose of giving the debt, was such *an act* that the law would construe the instrument, if necessary, as an assignment to the defendant.

This case is in point and is controlling upon the question under consideration. See also *Ferry* v. *Stephens* (66 N. Y. 321); *Carpenter* v. *Soule* (88 id. 251–256).

We are, therefore, of the opinion that the proof offered should have been received; that from it the jury might have found that the plaintiffs gave to the defendants the balance of the rent, for which this action was brought.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur except Follett. Ch. J., Bradley and Parker, JJ., dissenting.

Judgment reversed.