THE SAN REMO HOTEL COMPANY, Respondent *v.* MICHAEL BRENNAN, Appellant.

<div style="float:right">

64h 607
59ad142

64h      607'
67 AD⁰  57|

</div>

*Landlord and tenant — a parol agreement executed upon one side and in part upon the other — a defense in equity — proceedings to dispossess — injunction.*

Upon an appeal from an order continuing an injunction restraining Michael Brennan, landlord, from dispossessing his tenant, the San Remo Hotel Company, it appeared that the lease was under seal, and for a term of ten years from October 1, 1891, at a rent of $6,000 per month for the first five years; that, as the company claimed, the property was to be ready for occupation on October 1, 1891, but, in fact, was then in part unfinished; that, in consideration of its releasing its claim for damages, Brennan agreed by parol to reduce the rent, up to October 1, 1892, to $3,500 per month.

It appeared that Brennan, for several months of the first year, accepted $3,500 per month.

*Held,* that as a parol agreement, though made upon a good consideration and in part executed, would not be a defense to proceedings at law to dispossess, it was proper for the company to go into equity for relief.

That an injunction with adequate security was proper, pending the action, as dispossession would cause irreparable damage to the company.

That where one enters into possession of a part of leased premises, all of which he has hired, he does not thereby release his right equitably to set off against the rent the value of the part withheld by reason of the landlord's failure to complete the premises for occupancy.

That, in equity, a parol agreement, based upon a sufficient consideration made after a breach, executed by one party, and executed in part by the other, is available to modify a lease under seal.

That, in any event, a question so important should not be decided upon facts stated in affidavits, and that the case should be considered on a trial.

APPEAL by the defendant Michael Brennan from an order of the Supreme Court, made and entered on the 7th day of April, 1892, in the office of the clerk of the city and county of New York, restraining him from dispossessing the plaintiff from the premises in the city of New York, known as the Hotel San Remo, provided the plaintiff paid him $3,500 per month rent in advance, to and including September 1, 1892, and gave a bond in the sum of $20,000 to indemnify the defendant for any damages he might sustain from the injunction should the court finally decide that the plaintiff was not entitled thereto.

The premises in question had been leased by Brennan to Wilson C. Morris, who sub-let it to the plaintiff.

*James P. Campbell*, for the appellant.

*William D. Guthrie*, for the respondent.

O'BRIEN, J. :

This action was brought by the plaintiff, as lessor, against the defendant, its landlord, to restrain him from proceeding to dispossess it for the non-payment of rent.

The lease was made under seal on the 21st day of March, 1891, and was to run for the period of ten years from the 1st of October, 1891. The rental during the first five years was to be at the rate of $6,000 per month, and during the remaining five years at the rate of $7,000 per month. In addition to the rent the tenant agreed to pay the annual Croton water rates on or before August first of each year, and also to keep the premises, machinery, etc., in repair and running order at his own expense. The defendant never received the full rent reserved in his lease, but on October 10, 1891, took $4,000 for October, and thereafter $3,000 for November rent, and each month subsequently, including February, $3,500. By the terms of the lease the premises were to be ready for occupation on October first.

The plaintiff insists that this covenant was violated in that a

large number of the apartments, hall-ways and rooms were not completed and ready, and that the steam-fitting, electric-light apparatus, etc., were unfinished and incomplete. On the other hand, the defendant produces numerous affidavits tending to show that the hotel was finished and in good condition on the 1st of October, 1891. As the result of such failure to fully complete and have the entire premises ready for occupancy the plaintiff asserts that a loss resulted, and that it was damaged to the extent of $50,000, for which it would have had a good cause of action against the defendant. As a consideration for waiving this claim, plaintiff states that in December, 1891, an agreement was entered into between it and the defendant, by which the rent reserved in the lease should be reduced from $6,000 to $3,500 per month, which reduction was to be continued until October, 1892. Plaintiff's claim, therefore, is that the rent for the first year had been reduced by parol agreement, executed on its part, founded on ample consideration, to $3,500 per month, and that it is ready and willing to pay that amount.

The defendant, insisting upon his right under the lease to the full rental of $6,000 per month for the balance of the first year, namely from March to October, 1891, had begun summary proceedings to dispossess the plaintiff at the time of the commencement of this suit. The ground for relief prayed for by the plaintiff is, that, as the lease was under seal, it could not avail itself in the summary proceedings of the parol agreement reducing the rent during the balance of the first year, and that, consequently, it would be dispossessed and remediless unless a court of equity intervened by injunction.

The court below, until the trial of the action, continued a temporary injunction restraining and suspending the dispossess proceedings, upon condition of plaintiff's giving a bond in the sum of $20,000, which latter condition has been complied with, but from the order continuing the injunction this appeal is taken.

In disposing of the motion, the learned justice delivered the following opinion : "After a careful examination of the voluminous papers submitted on this motion, I have reached the following conclusions :

" *First.* The assignment of the lease to the defendant was made with the consent of the defendant, and he cannot now be heard to complain of the same.

" *Second.* Some portions of the hotel were unfinished and unfit for occupancy on the 1st of October, 1891, and for some time thereafter, and the plaintiff had a valid claim for damages because of such fact, and the waiver of such damages would be a sufficient consideration for an agreement on the part of the defendant to accept a reduced rent until the 1st of October, 1892.

" *Third.* There can be no question that the defendant agreed to accept and did accept a reduced rent for several months in full payment of the rents reserved in the lease. Whether the defendant agreed to accept a reduced rent until the 1st of October, 1892, or whether he declined to make such agreement for any definite period and only agreed to take a less sum until times should be better, is in dispute, and it is impossible to determine that question upon *ex parte* affidavits.

" Upon all the papers, the statement made on behalf of the plaintiff as to the agreement seems to me to be the more probable one, but it is for the trial court to determine what the actual fact was.

" *Fourth.* If the plaintiff, upon the trial, shall prove that the agreement was such as it claims the agreement was, I think it probable that it will succeed in the action.

" *Fifth.* If the injunction is continued until the trial, the defendant can be fully protected from all loss by a proper undertaking; whereas, if the injunction is dissolved, and the lease is terminated by dispossess proceedings, the plaintiff will suffer irreparable injury.

" *Sixth.* The motion to continue the injunction should be granted on condition that the plaintiff give such undertaking.

" The order will be settled on notice, and the amount of the undertaking will then be fixed."

It will thus be seen that, upon the disputed question of fact, he has reached a conclusion favorable to the view advanced by plaintiff, leaving it, however, for the trial to determine finally the merits of the positions taken respectively by the parties. In the absence of any such preponderance of proof as would justify us in holding that the conclusions reached upon the facts by the learned judge were erroneous, we are not disposed, upon a motion of this kind, to disturb such conclusions.

The serious question presented, however, relates, not to the facts as concluded by the judge, but to the law as applicable thereto.

This goes to the very foundation of the right of the plaintiff to maintain this action. The ground for the relief prayed for by plaintiff, as already stated, was the inability to avail itself of the agreement claimed to have been made, by which the rent was reduced, and which, in summary proceedings, would have been unavailing as a defense, for the reason that the original instrument of lease was under seal, and the effect would be to modify the same by a parol agreement.

It is insisted by appellant that the contract set forth in the complaint, being an oral one, intended to reduce the rent reserved in, and in that respect to modify, a lease for ten years, which by statute must be in writing, and to which the parties had affixed their seals, is void at law and may be repudiated by either party, so far as the oral modification remains unexecuted. In support of this proposition we are referred to the cases of *Coe* v. *Hobby* (72 N. Y., 141); *Smith* v. *Kerr* (108 id., 31); *McKenzie* v. *Harrison* (120 id., 260) and *McCreery* v. *Day* (119 id., 1).

In *Coe* v. *Hobby*, it was held that a contract or covenant under seal cannot be modified before breach by a parol executory contract. In *Smith* v. *Kerr* it was held that a simple executory agreement, without consideration, to alter the terms of an existing unexpired lease in which no breach had occurred, was void. In *McKenzie* v. *Harrison* (p. 263), the court said : " We shall not question the rule that a contract or covenant under seal cannot be modified by a parol unexecuted contract." These cases, however, in no way destroy the force of the rule, sustained by many cases, that "after the breach of a sealed agreement, it may be modified in any respect, or wholly rescinded, by an executed parol agreement founded upon a sufficient consideration." (*Dodge* v. *Crandall*, 30 N. Y., 294, 307.) A parol modification of a sealed instrument to be enforceable must be an executed, as distinguished from an executory, contract, and it must be a valid binding agreement, founded upon a sufficient consideration. Therefore, if the facts here had shown that the landlord had performed all the covenants on his part, and that thereafter the tenant, having entered into possession, had made an arrangement with the landlord for an abatement of the rent secured by a sealed instrument with respect to any portion of the term, notwithstanding such an arrangement an

action would be maintainable for the amount stipulated in the sealed lease. This was the question which the Court of Appeals disposed of in *McKenzie* v. *Harrison* (120 N. Y., 260), where the landlord, after having reduced the rent and accepted payment of installments thereof in full "until times are better," sued for the balance of the installment under the lease for which they had receipted in full, and a verdict was directed in their favor. The court therein said : "We shall not question the rule that a contract or covenant under seal cannot be modified by a parol unexecuted contract. * * * Neither shall we question the views of the court below, to the effect that the alleged oral agreement * * * was void and inoperative in so far as it remained unexecuted. The lessors had the right to repudiate it at any time and demand the full amount of rent provided for in the lease; but in so far as the oral agreement had become executed, as to the payments which had fallen due and had been paid and receipted in full as per the oral agreement, we think the rule invoked has no application."

The question here presented is different from that decided in *McKenzie* v. *Harrison* (*supra*), in that, if the facts stated by the plaintiff can be proven upon a trial — that, having a valid claim for damages by reason of the breach of the covenant for occupation and enjoyment on and after October first, this claim was waived in consideration of the parol agreement to take a less rent for the first year — such an agreement executed on the part of the plaintiff, and partly performed by the defendant by the allowances made for the months of the year that have passed, we do not think could have been repudiated. And this, we think, will become apparent if for the purpose of disposing of the question we assume the plaintiff's facts to be sustained by competent proof. Thus assumed; if the premises were not ready for occupancy on the 1st of October, 1891, and the tenant had gone into partial possession, it could have successfully defended an action for the rent or have brought a suit in equity for an apportionment. (*Brown* v. *Wakeman*, 42 N. Y. State Rep., 677 ; *Kelly* v. *Miles*, 48 Hun, 6.)

As said by Mr. Justice DANIELS, writing the opinion in the case of *Kelly* v. *Miles* (*supra*): "The occupancy assured to him" (the tenant) "by the lease was the consideration for his covenant to pay, and to the extent that he was deprived of the ability to occupy by

the act of the owner under the authority and assent of the defendants, the plaintiff was entitled to an abatement and apportionment of the rent."

These cases are authority for the position that one who enters into possession of part of premises, all of which has been hired by him, does not thereby waive his right to equitably set off against the rent reserved in the lease the value of the portion of the premises the possession of which may have been withheld by reason of the failure of the landlord to fulfill the agreement on his part to have them ready for occupancy. They are also authority for the maintenance of an action such as this, wherein it is sought to stay dispossess proceedings against the tenant, where the facts relied upon by the tenant are not available in such proceedings as a defense.

We are, therefore, of opinion that a parol agreement, such as is asserted by plaintiff and made the basis of his complaint, is not purely executory and one that, therefore, may be repudiated by either party. If, upon a trial, it can be shown that the premises were unfinished and unfit for occupancy on October first, and that thereby the plaintiff had a valid claim for damages as against the defendant, which, in consideration of waiving, was made the basis of an agreement by the defendant to take a less sum for the year ending October 1, 1892, then is presented, within the authorities, a case where a parol agreement, based upon a sufficient consideration, after a breach, has been established, which can be availed of to modify a lease under seal, and which cannot be repudiated if shown to have been executed by one of the parties and partially executed by the other. Even though this view should be in seeming conflict with some of the authorities, we think that the questions presented were serious enough to require their disposition in a more deliberate manner than by affidavits upon a motion, and that it was a proper case to continue the injunction until a trial could be had; and this for the reason, well expressed by the learned judge, that "if the injunction is continued until the trial, the defendant can be fully protected from all loss by a proper undertaking; whereas, if the injunction is dissolved, and the lease is terminated by dispossess proceedings, the plaintiff will suffer irreparable injury."

The only other question relates to the amount of the undertaking given by the plaintiff upon the injunction.

The difference between the rent reserved in the lease and the amount payable under the agreement, as claimed by plaintiff, would, on the 1st of October, 1892, should the defendant be successful, require the payment by plaintiff of the sum of $17,500. A bond, therefore, in the sum of $20,000 we think was sufficient. Should the trial not be had within a time that shall fully protect the defendant, or should any facts arise entitling the defendant to additional security, the opportunity is always present to obtain additional security upon application.

In respect to the claim that, in addition to the rent reserved, security should also have been given for the Croton water which the plaintiff had agreed to pay, it is sufficient to say that it is entirely independent of the question involved here as to the amount of rent; and this injunction in no way impairs the defendant's right to insist upon the performance of this condition in the lease, or any other conditions or obligations, on the part of the plaintiff; the injunction itself being directed and limited to preventing the plaintiff being dispossessed by reason of a failure to pay the difference between $3,500 and the $6,000 reserved in the lease. For this difference, as already stated, $20,000 is ample security; and this, with the right which is given to defendant, should the trial of the case be unnecessarily delayed, to move for additional security, will amply protect him.

Upon an examination, therefore, of the record showing the reasons for the making of the order appealed from, we think the learned judge was right in giving the plaintiff an opportunity to have a trial where it could produce and examine its witnesses, and, if able, establish the good faith of its claim that the hotel was not ready for occupancy at the date agreed upon, which resulted in damages to it, and which, in consideration of a reduction of the rent for the first year, it waived.

We think the order appealed from should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., and BARRETT, J., concurred.

Order affirmed, with ten dollars costs and disbursements.