## MORITZ v. KOENIG

(Common Pleas of New York City and County, General Term. November 7, 1892.)

LEASE UNDER SEAL—MODIFICATION BY PAROL.

A parol settlement by the parties to a ten-years lease under seal, of difficulties in which they became involved in regard to the amount of rent due, is of no effect.

Appeal from tenth district court.

Summary proceeding by Charles Moritz for the removal of John H. Koenig, a tenant, for the nonpayment of rent. The question in controversy was whether a tender by the tenant was of all the rent due. From an order of a district court in favor of plaintiff, defendant appeals. Affirmed.

Argued before BISCHOFF and PRYOR, JJ.

Langbein Bros. & Langbein, for appellant.

F. W. Fuhrman, for respondent.

PRYOR, J. We have accorded to the brief of the learned counsel for the appellant the consideration due to so elaborate an effort, and yet we are unable to perceive any error in the disposition of the case by the court

below.   The only plausible proposition advanced by appellant is that, by compromise between the parties, the rent was reduced to the sum of which he made tender.   But, even assuming that a ten-years lease under seal may be modified by an executory contract resting in parol, still we fail to find in the evidence sufficient proof of any such agreement. Undoubtedly there was a parley between the parties about a settlement of the complicated difficulties in which they were involved; but, for aught that appears in the record, the negotiation never issued in a definite and consummate agreement.   Were there such an agreement, however, it would be of no effect.   Coe v. Hobby, 72 N. Y. 141.

Counsel for the appellant indulges in a strain of reflection upon the conduct of the trial justice, for which, on examination of the return, we observe no justification.   His rulings were generally in favor of the appellant, and he appears, throughout the trial, to have borne himself with dignity and with absolute impartiality between the litigants.   But, were his conduct open to animadversion, the criticism of counsel should have been couched in terms less replete with insinuation of culpable misbehavior.   Error, of course, may be imputed to a judge, but not an intentional perversion of justice, except in a proceeding to punish him for official misconduct.   We are of opinion that the justice rightly determined the case, and that the reasons upon which he bases his decision satisfactorily sustain it.

Order affirmed on the opinion below, with costs.