°                          JAMES v COE.

(City Court of New York, General Term.    April 30, 1900.)

LEASE—SURRENDER—OPERATION OF LAW.
    A surrender of a lease is effected by operation of law where the lessor, with the consent of the lessee, gives a new lease of the demised premises, at the same rental, to a third party, who enters into possession and pays part of the rent, though the old lease is not canceled, and the prior lessee signs the new lease as surety.

Appeal from trial term.

Action by D. Willis James against William R. Coe. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

See 61 N. Y. Supp. 1099.

Argued before FITZSIMONS, C. J., and SCHUCHMAN, J.

Greene & Stotesbury, for appellant.

Cowen, Wing, Putnam & Burlington, for respondent.

SCHUCHMAN, J. The complaint sets up a cause of action for two months' rent. The answer pleads the defense of surrender by operation of law. The proofs at the trial show that on September 1, 1898, the plaintiff, as landlord, and the defendant, as tenant, entered

into a written lease of an apartment on the first floor of The Curtiss, No. 176 West 87th street, in the city of New York, for the term of one year from October 1, 1898, to the 1st day of October, 1899, at a yearly rent of $660, payable in equal monthly payments of $55 each, in advance, on the 1st day of each month during the term. The defendant entered into possession of the premises described in the lease. No rent was paid for the months of June and July, 1899. The only evidence offered on behalf of the defendant was a lease of the same premises, dated on February 24, 1899, to one Weimer, with two sureties, to wit, W. R. Coe, the defendant, and one Daniel C. Watts, for a period covering the then unexpired term of the lease to the defendant. It was admitted at the trial "that the tenant, Weimer, mentioned in said lease, upon its execution went into possession of the premises described therein, and retained such possession down to the 1st of June, 1899, paying the rent until the June rent became due, which was not paid by him, and the defendant did not pay any rent for the period for which this suit is brought." The defendant rested his case on the legal effect of the reletting. The court held that the execution of the new lease upon which the defendant became a surety was inconsistent with the relation of landlord and tenant upon the original lease, and dismissed the complaint.

The lease to the defendant was not canceled. The giving of the lease by plaintiff to Weimer of the identical flat demised by plaintiff by the prior lease of defendant, Coe, for the unexpired term provided for in the Coe lease, at the same rental, with the defendant, Coe, and one Watts as sureties thereon, clearly established the intention of the parties (landlord and tenant) that the leasehold estate created by the Coe lease was yielded up to and accepted by the landlord, the plaintiff, who created another leasehold estate, by the Weimer lease, in its place, with the consent of the termor. Thus, a surrender by operation of law is established. Coe v. Hobby, 72 N. Y. 141, 145, 146.

Judgment appealed from affirmed, with costs.

FITZSIMONS, C. J., concurs.