## KAVEN v. CHRYSTIE.

(Supreme Court, Appellate Term.  November 6, 1903.)

1. LANDLORD AND TENANT—LEASE UNDER SEAL—EFFECT—VARIANCE BY PAROL.
  The legal effect of a written lease under seal cannot be destroyed by
  testimony of an oral agreement that the tenant might occupy the build-
  ing rent free until it was torn down.

2. SAME—AGREEMENT FOR FREE OCCUPANCY—WANT OF CONSIDERATION —
  UNCERTAINTY.
  An agreement that a tenant in possession of premises under a written
  lease, binding him to pay a fixed rent, "might occupy the building rent
  free until it was torn down," was void for uncertainty and want of con-
  sideration.

Appeal from Municipal Court, Borough of Manhattan, Sixth Dis-
trict.

Proceeding to·recover possession of demised premises, for non-
payment of rent, by Gustavus A. Kaven against Jennie J. Chrystie.
From a judgment of dismissal, plaintiff landlord appeals.  Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and
BLANCHARD, JJ.

John McCormick, for appellant.
C. E. Travis, for respondent.

FREEDMAN, P. J.  The material facts in this case are as fol-
lows:  The landlord herein became the owner of certain premises in
this city in November, 1902.  At that time the premises were in pos-
session of the defendant, who had a lease for three years from No-
vember 1, 1900, by the terms of which she was obliged·to pay a rental
of $300 a month.  The premises had been purchased for the landlord .
by Smith & Hume, brokers, with the expectation of being sold again.
Smith & Hume were endeavoring to find a purchaser for the property,
and the defendant, who was also desirous of selling her lease, had
been assured by either Smith or Hume that, in the event of a sale of
the property by them for Kaven, they would purchase her lease.
They had also assured her that, in their belief, Kaven would not re-
quire her to pay rent for the premises pending an effort to sell, but
that when her lease was purchased the amount of rent due from her
would be deducted from the purchase price of the lease.  Kaven also
admits that he had tacitly consented to this arrangement.  The de-
fendant paid no rent for the months of November and December,
1902, and for January, February, and March, 1903; and on March 9,
1903, these proceedings were commenced.

There is nothing in the case going to show that there was a valid
agreement relieving the defendant from payment of rent.  Neither
Smith nor Hume testifies to any such agreement.  Hume swears, "I
told her I did not think she would have any trouble until Mr. Kaven
sold;" and Smith testifies that the defendant asked, "Can't I get some
free rent?" and I said, "If possible, I will get you some."  Upon the
testimony of the defendant and her daughter to the effect that Smith
agreed with the defendant that "she might occupy the building rent
free until it was torn down," the proceeding was dismissed by the trial

judge. We are asked to hold that this testimony is sufficient to destroy the legal effect of a written lease executed by the defendant under seal. This cannot be done. McKenzie v. Harrison, 120 N. Y. 260, 24 N. E. 458, 8 L. R. A. 257, 17 Am. St. Rep. 638; Coe v. Hobby, 72 N. Y. 141, 28 Am. Rep. 120. The agreement made by Smith, if one was made to allow the defendant to remain upon the premises "until the building was torn down," was void for uncertainty, and without consideration.

Final order reversed. New trial ordered, with costs to the appellant to abide the event. All concur.