THE SECURITY TRUST & LIFE INSURANCE COMPANY, Appellant, *v.* ELIZABETH N. COGSWELL, Respondent.

(Supreme Court, Appellate Term, November, 1905.)

Landlord and tenant — Leases and agreements — Modification of lease — How far modification presumed.

Where a clause in a lease for one year at $600 for the term, permitting either party to cancel the lease upon a thirty days' notice, is not incorporated in a lease of the same premises between the same parties for the next year at an increased rental; and where, subsequently, upon her failure to pay the increased rent,

Supreme Court, Appellate Term, November, 1905. [Vol. 48.

when the only subject of dispute was the amount of rent to be paid, the tenant was told by some one in the landlord's office, who is not shown to have had authority either to make or modify a lease on behalf of the landlord, that she might go back to her old lease, although the landlord concedes that at some time during the term the rent was reduced to the original amount, the conclusion is not justified that it was then agreed that the last lease should be wholly canceled and the expired lease revivified and reinstated, and that the tenant was liable under the last lease for the rent until the end of the term, although four months prior thereto she had given a thirty days' notice that she elected to terminate the lease.

APPEAL by the plaintiff from a judgment in favor of the defendant, rendered in the Municipal Court of the city of New York, sixth district, borough of Manhattan.

Blandy, Mooney & Shipman (Edmund L. Mooney and Laurence A. Sullivan, of counsel), for appellant.

Cantwell & Moore, for respondent.

SCOTT, J. The plaintiff sues for four months rent. The defendant held under a written lease, under seal, dated February 2, 1904, for the term of one year, beginning May 1, 1904, at a yearly rental of $650. Plaintiff concedes that, at some time during the term, it voluntarily reduced the rental to $600, and accepted payment of the rent, at that rate, and now sues to recover at the reduced rate. The defendant had held a prior lease, also under seal, which expired May 1, 1904, at the yearly rental of $600, and which contained a clause, not incorporated in the lease of February 2, 1904, permitting either party to cancel the lease upon thirty days' notice. The defendant, in December, 1904, notified plaintiff that she elected to terminate her tenancy. Plaintiff refused to accept her surrender, and now sues for the rent until the end of the term. The defendant's allegation is, that the lease executed on February 3, 1904, was canceled by the parties, and a new lease and agreement entered into by which the defendant was to have the premises at the yearly rental of $600 and to have all the privileges mentioned and set forth in her former lease, in-

cluding the clause providing for a cancellation of the lease on thirty days' notice. The evidence wholly fails to sustain this plea. It appears that, for the first two months of the term, the defendant sent checks for her rent at the rate of $600 per annum, which plaintiff refused to receive, and began proceedings to dispossess. Defendant then saw some one in plaintiff's office and insisted that plaintiff had not fulfilled a condition upon which the increased rental had been agreed upon, viz., to get rid of another tenant to whom the defendant objected. After awhile, some one not identified by the witness said that she might go back to her old lease. The only subject of conversation at this time, and the only subject of dispute, was the amount of rent to be paid, and if we are to believe that any one used the words testified to by defendant, and are to assume (for there is no proof) that the person who used them had authority to bind the plaintiff, the utmost effect that can fairly be given to them is that plaintiff agreed to go back to the old lease so far as the amount of rental was concerned. There is nothing in the circumstance, nor in the language, to justify the conclusion that it was then agreed that the lease of 1904 should be wholly canceled, and the expired lease of 1903 revivified and reinstated. To sustain defendant's contention, it would be necessary to find, not alone that some of the terms of the lease of 1904 had been modified, but that a new and valid lease had been made. Coe v. Hobby, 72 N. Y. 141. The conversation testified to by defendant cannot reasonably be construed as the making of a new lease; and, even if it could, there is not the slightest evidence that the person with whom she says she had the conversation had authority either to make or modify a lease on behalf of plaintiff.

It follows that the judgment must be reversed and a new trial granted, with costs to appellant to abide the event.

GILDERSLEEVE J. concurs; MACLEAN, J., concurs in result.

Judgment reversed and new trial granted, with costs to appellant to abide event.