ALBERT A. ROSENSHINE, Plaintiff, *v.* EDWARD LEBOVITZ, Defendant.

City Court of New York, New York County, February 18, 1931.

*Olvany, Eisner & Donnelly*, for the plaintiff.

*Joseph Schechter*, for the defendant.

KAHN, J. On the 21st day of November, 1928, the plaintiff and defendant entered into a written lease under seal, by the terms of which the defendant leased from the plaintiff certain premises for the term of three years beginning the 1st day of February, 1929, and ending on the 31st day of January, 1932, at an annual rental of $2,500. This action is brought to recover rent under said lease for ten months, beginning March 1, 1930. The defendant claims that he paid the March rent. This was conceded by plaintiff on the argument of this motion and the second cause of action accordingly was withdrawn. As to the remaining nine months the defendant urges a parol agreement between plaintiff and himself whereby the lease was modified, pursuant to which modification the rent was reduced from $208.33 a month to $100 a month, and that pursuant to such agreement he paid and plaintiff accepted $100 for April and $100 for May. As to the remaining seven months there is no dispute that the defendant has not paid any rent. This modification is denied by the plaintiff.

The rule, founded upon public policy, is that the force and intent of an agreement which the parties have formally reduced to writing and which they have solemnized by sealing, is to be given full regard and effect according to its express terms. It is not the purpose of the law to permit such an instrument to be modified or changed by parol statements or agreements resting in fallible human memory, influenced, perhaps, by personal or property interests. This rule is uniformly applied. "But the parties may waive this rule and carry out and perform the agreements under seal as changed or modified by the parol agreement, thus executing both agreements, and where this has been done and the parties have settled with a full knowledge of the facts and in the absence of fraud, there is no power to revoke or remedy reserved to either party." (*McKenzie* v. *Harrison*, 120 N. Y. 260, 264.) Therefore, with respect to that part of the parol agreement of modification that was executed, if it be established at the trial that such agreement was made and carried out, the payment to and receipt by the plaintiff of $100 for each of the months

of April and May must be regarded as full payment for these two months. Consequently, there is a triable issue of fact presented upon the question whether or not such agreement was made and payments made and accepted pursuant thereto. As to the seven last months sued for, assuming the existence of the parol modification as claimed by the defendant, liability for the full amount sued for is established. Defendant has failed to present any triable issue with respect thereto. The plaintiff was never bound by such agreement so long as it remained unexecuted, and it may revoke or repudiate it at any time, assuming that it existed. (*McKenzie* v. *Harrison*, *supra*.) In view of the saving clause in the lease, the dispossess proceedings instituted did not terminate the defendant's liability for the rent.

Motion is, therefore, granted and judgment is ordered for the plaintiff for $1,458.31, which is rent for the months of June to December, 1930, inclusive, at $208.33 per month. The action is severed accordingly. Execution stayed ten days after notice of entry of judgment. Order signed.