In the Matter of the Application of the MORTGAGE COMMISSION OF THE STATE OF NEW YORK, under Section 1077-C of the Civil Practice Act, for an Order Directing ENDEE BUILDING CORPORATION to Turn over the Surplus of Rents of the Mortgaged Premises over and above Taxes, Interest and Carrying Charges,

Which Premises Are Situate on the East Side of Forty-fourth Street, 250 Feet South of Skillman Avenue, Long Island City, New York. ENDEE BUILDING CORPORATION, Appellant; MORTGAGE COMMISSION OF THE STATE OF NEW YORK, Respondent.— Order granting a motion under section 1077-c of the Civil Practice Act, for the turnover of surplus moneys relating to a six months' period of the operation of certain mortgaged property, otherwise subject of foreclosure, reversed on the law, with ten dollars costs and disbursements, and the motion denied. The right to maintain such a proceeding under section 1077-c is predicated on the existence of a right to foreclose the mortgage. The claimed basis for the right so to foreclose in this record relates to five alleged failures to make amortization payments from January 1, 1933, to January 1, 1935, both inclusive, totaling $7,275. The record discloses that the Mortgage Commission's predecessor agreed to waive these payments in connection with a readjustment of the time of payment of interest. That agreement, in so far as it was executed, was binding upon the parties. (Mc Kenzie v. Harrison, 120 N. Y. 260.) The first time it was repudiated was in May or June of 1935. That repudiation could only have effect as of July 1, 1935, and the amortization payment due on that day is not the subject or basis of this application, by reason of the failure of the owner to make that payment. Therefore, with respect to the prior payments, that agreement, which was at will, had become executed and was not unenforcible except in so far as it was executory. There being, therefore, no breach that would entitle the mortgagee to foreclose, no right existed to make an application under section 1077-c for any surplus that may have accrued for the six months' period ending June 30, 1935. Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ., concur.