Guy Gilbert Ribaudo, J.
This is a nonpayment proceeding brought against the tenants of business premises at 1264 Amsterdam Avenue in the Borough of Manhattan, City of New York. On June 20, 1956 a lease was entered into, which was subsequently assigned. The lease provides for a graduated rental during its term. On March 2, 1960 the landlord acknowledged in writing that it had agreed to reduce the tenant’s rent for the period from September 1,1959 to February 29,1960 (Landlord’s Exhibit 3). Thereafter, on June 6, 1962 the landlord made a formal written demand for arrears which he claims from March 1, 1960 to June 30, 1962. The tenant asserts the defenses of estoppel and accord and satisfaction. Tenant’s Exhibit A is the type of rent bill sent to the tenants during the period in question. The landlord’s testimony discloses that the sum of $200 by check was received and deposited each and every month.
The principal question to be resolved herein appears to be what effect did the acceptance of a lower rent, which was contrary to the terms of the written lease, have upon the landlord’s demand for the rent payable under the lease, together with the arrears from March, 1960 to June, 1962. Under subdivision 2 of section 1410 of the Civil Practice Act the landlord may sue for the alleged arrears in this summary proceeding. It is conceded that the tenant has not paid the $300 demanded for July, 1962 in accordance with the terms of the lease.
The tenant testified that from February, 1960 to June, 1962 he has paid $200 rent per month; that landlord never billed tenant for any balance. The landlord alleges that he gave written notice (Landlord’s Exhibit 4) demanding the rent called for in the lease; and that at no time did he agree to accept the sum of $200 instead of the amount called for in the lease. Further, that he had several conversations with the tenant and on one occasion stated, “ We will accept the $200 on account for a few *4 months and we will talk about it later This conversation was some time in March, 1960.
There is no dispute that the landlord agreed to accept $200 per month rent for the period heretofore mentioned and thereafter continued to accept said amount until June, 1962. To the extent that the oral agreement was executed by the payments, the court must, in the face of McKenzie v. Harrison (120 N. Y. 260) rule that the landlord has since March, 1960 estopped itself from claiming the difference between the $200 and the amount called for in the lease. The effect of landlord’s Exhibit 3 was defeated by the course of conduct on the part of the landlord who continued, without any objection, to accept the lesser amount. The landlord now seeks to penalize the tenant because of its own voluntary acts. The evidence discloses that up until June, 1962 the landlord was handling all the bookkeeping. Then a new bookkeeper was engaged and at that time the landlord discovered that the tenant was paying a lower rent. It would, therefore, appear that in the face of the afore-mentioned course of conduct that the landlord’s present claim for arrears is no more than an afterthought. Further, the dates of landlord’s Exhibits 3 and 4 negate its assertion that it was not until July, 1962 that the landlord first realized that the tenant was not paying the rent called for in the lease.
Upon all the evidence the landlord is not entitled to arrears; but entitled to the amount of $300 due for the month of July, 1962. Final order for the landlord in said amount, with five days’ stay.