## PISER v. HECHT et al.

(Supreme Court, Appellate Division, First Department. December 30, 1915.)

LANDLORD AND TENANT ☞184—SECURITY FOR RENT—ASSIGNMENT OF LEASE —EFFECT.

A tenant, on leasing premises, agreed to pay a stipulated rental, and gave a bond and mortgage as collateral to secure performance of the lease on her part. Thereafter, with consent of the landlord, she assigned the lease to a corporation, which agreed to assume and perform all the conditions and covenants of the lease, and the corporation assigned the lease to another corporation. The landlord accepted the rent from the corporations directly. The tenant, in her complaint asking cancellation of the bond and mortgage, failed to allege that either corporation agreed to give a bond and mortgage to replace hers, or that the landlord in consenting to the assignment agreed to release her. *Held*, that she was not entitled to the cancellation, since the landlord could not be deprived of his security without his consent, nor would his consent be implied from consent to the assignment; the substitution of one tenant for another not operating to release the first from his obligation to pay rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743–750; Dec. Dig. ☞184.]

Appeal from Special Term, New York County.

Action by Susie E. Piser against Ferdinand Hecht and another. From a judgment on the pleadings for plaintiff, entered in default of answer allowed under order overruling defendant's demurrers, defendants appeal. Reversed, demurrers sustained, and motion for judgment denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Norman P. S. Schloss, of New York City, for appellants.
Isaac N. Jacobson, of New York City, for respondent.

McLAUGHLIN, J. The complaint in this action alleges in substance that on the 14th day of September, 1908, Abraham Piser, husband of the plaintiff, leased from the defendant Hecht certain real estate in the city of New York for a term of seven years, commencing on the 1st of May, 1910, with an option under certain conditions for an additional three years; that the lease was in writing and by its terms it was agreed that Piser should execute and deliver to Hecht a bond secured by mortgage in the sum of $10,000 as collateral security for the full performance of the lease by the lessee; that on March 4, 1909, Piser died, leaving his estate, both real and personal, to the plaintiff; that on February 26, 1910, she took the place of her husband in the lease and gave the bond and mortgage required; that prior to the 26th of June, 1911, the lease was transferred and assigned by the plaintiff to Piser & Co., a domestic corporation, and that the company agreed to assume and perform all the conditions and covenants of the lessee specified in the lease; that on the 26th of June, 1911, Piser & Co. transferred the lease to the defendant the Piser Furniture Company, a domestic corporation, and it has ever since been and is now the owner of the lease and in possession of the

demised premises; that Hecht had knowledge of the assignment to the Piser Furniture Company, which has since paid the rent directly to him, and has become and is his tenant, and is recognized as such; that prior to the commencement of the action plaintiff demanded that Hecht cancel and surrender the bond and mortgage given by her, which he has refused to do; that she has also demanded that the Piser Furniture Company give another bond in place of the one which she gave, which the furniture company has refused to do; and that by the terms of the assignment to the furniture company it agreed to assume all the liabilities and obligations of Piser & Co. and to indemnify it against any loss or expense in connection with the same. The judgment demanded is that the bond and mortgage given by the plaintiff be canceled and discharged, and, if security for the performance of the lease on the part of the lessee be required by Hecht, that the defendant Piser Furniture Company be directed to furnish it, or indemnify plaintiff therefor.

Each defendant separately demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. Upon the complaint and demurrers the plaintiff moved, under section 547 of the Code of Civil Procedure, for judgment on the pleadings. The court overruled the demurrers, with leave to defendants to withdraw same and answer on payment of $10 costs, in default of which final judgment was ordered for the relief asked in the complaint. The defendants appealed from the order.

I am of the opinion the order should be reversed, and the demurrers sustained. When Hecht entered into the lease with the plaintiff's husband, he required him to give a bond for $10,000, secured by mortgage conditioned as collateral security for the performance by the lessee of the terms and covenants on his part to be performed. Before the bond and mortgage were given, plaintiff's husband died, and she thereupon, with the consent of Hecht, took his place in the lease and gave a bond and mortgage as previously agreed by him. There are no allegations in the complaint to the effect that when the assignments were made by the plaintiff to Piser & Co., and by it to the Piser Furniture Company, either corporation agreed to give Hecht a bond and mortgage as collateral security for the performance of the covenants on the part of the lessee to be performed, or that Hecht agreed to release the plaintiff from her obligation to perform the terms of the lease or to surrender the bond and mortgage which she had given. The term of the lease was for seven years, with an option to renew for an additional three years. The rent stipulated to be paid was $15,000 a year, or $105,000 for the seven years, to say nothing of the option to renew, and before Hecht would enter into the lease he required that the bond and mortgage be given. The complaint contains no allegation to the effect that Hecht has ever agreed to give up the security, or that he has done anything which entitles the plaintiff to have the same canceled and returned to her. Obviously, one who has taken collateral security for the payment of rent by a lessee cannot be deprived of it without his consent, and Hecht's consent cannot be implied from the fact hat he has accepted rent from the Piser Company or the Piser Furniture Company; in other

words, the substitution of one tenant in place of another does not operate to discharge, as matter of law, the first tenant from future performance of his covenant to pay rent.   Walton v. Stafford, 14 App. Div. 310, 43 N. Y. Supp. 1049, affirmed 162 N. Y. 558, 57 N. E. 92; Jackson v. Brownson, 7 Johns. 227, 5 Am. Dec. 258; Ranger v. Bacon, 3 Misc. Rep. 96, 22 N. Y. Supp. 551; McAdam on Landlord & Tenant, vol. 1, p. 865.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs to each defendant, and the demurrers sustained, with leave to the plaintiff, on payment of such costs, to serve an amended complaint within 20 days. All concur.