MAURICE BRILL and SAMUEL BRILL, Appellants, *v.* MARIA R. FRIEDHOFF and ANNA M. WUEHRMANN, as Surviving Executors, etc., of JOHN PETER FRIEDHOFF, Deceased, Respondents.

First Department, November 8, 1918.

**Landlord and tenant — surrender of lease — release of guarantor — intent of parties — evidence.**

Mere substitution of one tenant in place of another does not operate to discharge, as a matter of law, the first tenant from the future performance of his covenant to pay rent.

But where a new agreement is made between the landlord and assignee, whereby the assignee is given the duration of the term and assumes the obligation of the original lease, it creates a surrender by operation of law.

A surrender will not be implied, however, against the intent of the parties, as manifested by their acts, and where such intention cannot be presumed without doing violence to common sense the presumption will not be supported.

Where an agreement was made with a lessor by a tenant in possession of the premises who claimed to own the lease, and who was also one of the executors of the estate of the guarantor of the lease, by which agreement the lessor waived the payment of the land taxes by the lessee, and all of the terms of the lease, except as modified by the agreement, were ratified and confirmed by the tenant, who assumed and agreed to pay the sums due under the lease, and there was nothing to show that the assumption of the lease by said executor afforded any better security, while the agreement repeatedly spoke of a " modification " of the lease, and the executors of the guarantor signed a declaration that the agreement mentioned should in nowise affect the liability of the estate on the lease as modified, it was held that there was no intention on the part of the lessor to surrender the original lease and accept a lease without a guaranty.

APPEAL by the plaintiffs, Maurice Brill and another, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 12th day of March, 1918, upon the decision of the court, a jury having been waived.

*Herbert H. Maass* of counsel [*Ira Skutch.* with him on the brief; *Feiner & Maass,* attorneys], for the appellants.

*William Bondy,* for the respondents.

SHEARN, J.:

The facts are indisputed and the question is whether the plaintiffs released defendants from liability on a written guaranty of a lease executed by their testator.

On October 30, 1907, plaintiffs leased to Henry C. Meyer premises 51 Cortlandt street for twelve years at $9,000 a year until 1909, and thereafter at $11,500. The lease provided that the lessee should pay as additional rent all taxes and assessments. On the execution of the lease Friedhoff, defendants' testator, signed the guaranty of the lease. In 1910 Friedhoff died and the defendants Maria R. Friedhoff and Anna M. Wuehrmann are his sole surviving executors and trustees of his estate. In April, 1915, defendants approached plaintiffs and sought a reduction of the rent and submitted an affidavit signed by Maria R. Friedhoff reciting that she had become the sole owner of the lease; that the lease had been assigned by Meyer to Maria R. Friedhoff and Anna M. Wuehrmann on December 17, 1912; that it had been subsequently assigned by them to the Hub Café Corporation, November 30, 1914; assigned by that corporation to the Cortlandt Café Corporation, December 18, 1914, and assigned by the latter corporation to Maria R. Friedhoff, February 11, 1915. The affidavit recites that the same was presented to plaintiffs to induce them to deal with Maria R. Friedhoff " as the sole owner of said lease and tenant in possession of the premises therein described." The plaintiffs finally agreed to waive the payment of the land taxes thereunder, and thereupon an agreement was entered into with Maria R. Friedhoff, with the written consent of the defendants as executors and trustees, waiving the payment of the land

taxes by the tenant. This agreement recites that Maria R. Friedhoff had become the owner and holder of the lease and was in possession; that she had asked to be relieved of the payment of land taxes accruing after May 2, 1915; that the lease was *modified* by the waiver of the landlords of the payment of land taxes; " that all the other terms, covenants and conditions of the aforesaid lease, except as herein modified, are hereby fully ratified and confirmed, and the party of the first part (the tenant under said lease) does hereby, in consideration of the premises, assume and agree to pay all sums now due or that may hereafter accrue from and out of said lease." This agreement is now urged by the defendants as the sole reason why the liability under the guaranty has been released and extinguished. The executors signed a consent to the execution of the agreement and their consent provided: " Nothing herein contained nor in the foregoing modification agreement contained shall be deemed in any manner to relieve the estate of John P. Friedhoff from any and all liability that might arise out of the aforedescribed lease as modified." It was admitted that there was a failure to pay the rent from April 1, 1916, which with water charges and after deduction of the amount received amounted to $6,541.33. The defendants offered in evidence a judgment roll showing that the plaintiffs recovered a judgment for the sum of $15,623.57 rent of premises from April 1, 1916, to August, 1917.

The question is whether the agreement entered into between the plaintiffs and Maria R. Friedhoff operated as a surrender of the Meyer lease which was guaranteed. There was no express surrender and the question is, therefore, whether there was a surrender by operation of law. *Coe* v. *Hobby* (72 N. Y. 141) is a leading case on surrender. There it was said: " A surrender is implied and so·effected by operation of law within the statute quoted, when another estate is created by the reversioner or remainderman, with the assent of the termor, incompatible with the existing estate or term. In the case of a term for years, or for life, it may be by the acceptance by the lessee or termor of an estate incompatible with the term, or by the taking of a new lease by a lessee. It will not be implied against the *intent* of the parties, as manifested by their acts; and when such intention cannot be

First Department, November, 1918. [Vol. 184.

presumed, without doing violence to common sense, the presumption will not be supported." It is well settled that the mere substitution of one tenant in place of another does not operate to discharge as a matter of law the first tenant from future performance of his covenant to pay rent. (*Piser* v. *Hecht,* 170 App. Div. 668, 671.) Where, however, a new agreement is made between the landlord and the assignee, whereby the assignee is given the duration of the term and assumes the obligations of the original lease, it is generally considered that this creates a surrender by operation of law. But this does not foreclose the matter. We are entitled to and should ascertain whether there are any other facts that take the case out of the operation of the rule. For example, as was said in *Gray* v. *Kaufman Dairy & I. C. Co.* (162 N. Y. 388, 395): " Such a situation, unqualified by other conditions, would create a surrender by operation of law. We must, therefore, ascertain whether the conduct of the parties takes this case out of the operation of this rule." The important thing, as shown by the quotation above made from *Coe* v. *Hobby,* is the *intent* of the parties as manifested by their acts. The documentary evidence makes it entirely clear that no new lease to Maria R. Friedhoff was intended and that all of the parties well understood that the reduction in the rental was a mere modification of the original lease, which was otherwise in full force and effect, and that while Maria R. Friedhoff assumed an obligation to perform the terms of the lease as modified, there was no intent to relieve the original lessee Meyer of liability. In the affidavit of Maria R. Friedhoff, verified May 29, 1915, made for the purpose of obtaining the concession as to the rent, the affiant refers to the agreement to be made as one " for the *modification* of the terms of said lease." In the agreement of modification made between the plaintiffs and Maria R. Friedhoff, dated April 17, 1915, after reciting the outstanding lease to Meyer, it is recited that Maria R. Friedhoff " is now in possession of the demised premises thereunder." It is further recited therein that Maria R. Friedhoff has asked to be relieved from the payment of land taxes " and that the said lease be *modified* accordingly." Passing the recitals, the 1st clause of the agreement is to the same effect, namely, " That the indenture

of lease, bearing date the 30th day of October, 1907, between Samuel Brill and Maurice Brill, as lessors (the parties of the second part hereto) and Henry C. Meyer, as tenant (under which lease the party of the first part is now in possession of the premises demised therein), be *modified,* so that the landlords (the parties of the second part hereto) shall waive," etc. Paragraph 2d provides that " It is understood and agreed that this *amendment* shall not be construed so as to relieve the tenant under said lease from paying the land taxes which will be assessed by the City of New York for the first half of the year 1915." Paragraph 4th provides that " It is particularly understood and agreed, that all the other terms, covenants and conditions of the aforesaid lease, except as herein *modified,* are hereby fully ratified and confirmed." Similarly, the agreement signed by Maria R. Friedhoff and Anna M. Wuehrmann, dated May 29, 1915, although ineffective for the purpose of creating any liability upon the estate which did not already exist, shows that the understanding was that there was no new lease but a mere modification of the old one. By this document the executors, referring to the agreement of April 17, 1915, reducing the rent, state that they " do hereby consent to the execution of the foregoing agreement which agreement *modifies* a certain indenture of lease " (describing the Meyer lease); the executors further covenant to perform every condition of " the aforesaid lease as *modified* by the foregoing agreement; " and, finally, the executors state that " Nothing herein contained nor in the foregoing *modification* agreement contained shall be deemed in any manner to relieve the estate of John P. Friedhoff, from any and all liability that might arise out of the aforedescribed lease *as modified.*" When we see what led to the agreement, namely, a plea to lighten the rent, when there is nothing to show that the assumption of the lease by Maria R. Friedhoff afforded any better security than the guaranty of the estate of her husband, when we see that the agreement was carefully phrased as a mere " modification " of the original lease, and, above all, when we observe the care taken to obtain a signed declaration from the executors that this should in nowise affect the liability of the estate on the lease as modified, common sense tells us that there was no intention on the part of the plain-

tiffs to terminate and accept a surrender of the lease to Meyer guaranteed by the estate and accept in place thereof a lease by Maria R. Friedhoff without any guaranty. Applying the rule in Coe v. Hobby that a surrender will not be implied against the intent of the parties, as manifested by their acts, and that when such intention cannot be presumed, without doing violence to common sense, the presumption will not be supported, and taking into consideration the manifest injustice of allowing the plaintiffs to be tricked out of their security by acceding to a request to lighten the burdens of the lease, I am of the opinion that we should hold that there was no surrender.

The judgment should be reversed, with costs, and judgment is directed for plaintiffs in accordance with plaintiffs' findings and as demanded in the complaint.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Judgment reversed, with costs, and judgment directed for plaintiffs as stated in opinion. Order to be settled on notice.