CITY INVESTING COMPANY, Appellant, *v.* JOHN GERKEN and Others, Respondents, Impleaded with GEORGE W. HYATT and THE WAUBUN COMPANY, Defendants.

First Department, March 17, 1922.

Corporations — voluntary dissolution — judgment creditor holding claim for rent accrued after dissolution has interest in surplus assets and may sue directors, who became liquidators, for accounting — directors as liquidators liable for waste committed — plaintiff may question illegal dividends declared and distributed before dissolution — alleged loan to corporation properly paid — when directors to whom leases transferred accountable for profits — payment of small sum in settlement of large claim not improper.

A judgment creditor of a corporation, holding a claim for rent accrued after voluntary dissolution under section 221 of the General Corporation Law, has an interest in the surplus assets after the payment of other creditors, out of which he has a clear right to have his judgment paid, and, therefore, he is entitled to maintain an action for an accounting against the directors, who became liquidators under the statute, and to question any improper act by them which has diminished the amount of the surplus over accrued debts.

The directors will be held responsible to the plaintiff for moneys paid out by them through the means of a dividend illegally declared and distributed prior to the time of dissolution.

The directors should not be charged with the amount paid on a loan to the corporation for which it gave its stock as collateral, though in a report by the corporation said collateral stock was listed as stock outstanding.

If the directors of the corporation, which held several leases on property, acquired said leases from the corporation against the interests of the corporation and for private gain, then they will be held to have acted as trustees for the corporation and are accountable for any profits that they have made therefrom.

The payment by the liquidators of $14,000 to settle claims amounting to about $350,000 is not subject to criticism and the liquidators should not be charged therewith.

APPEAL by the plaintiff, City Investing Company, from a judg-ment of the Supreme Court in favor of the defendants Gerken and others, entered in the office of the clerk of the county of New York on the 26th day of July, 1920, upon the decision of the court rendered after a trial at the New York Special Term dismissing the complaint upon the merits as to said defendants.

*Edward F. Clark* [*Leonard J. Reynolds* of counsel], for the appellant.

*Herbert H. Gibbs,* attorney for Gerken, O'Donnell and Harris; *Herman A. Heydt,* attorney for Heydt [*Herbert H. Gibbs* of counsel], for the respondents.

SMITH, J.:

This action is brought by a creditor for judgment against certain persons who were directors of a corporation before voluntary dissolution, and after voluntary dissolution were liquidators under the statute. The plaintiff was the lessor of certain premises to the Waubun Company, the corporation in question, of which the defendants in this action were the directors and later trustees in dissolution; the lease which created the liability was made on August 19, 1907, for the term of ten years, begining on May 1, 1908; and until October 1, 1915, the Waubun Company and the trustees in dissolution regularly paid the rent for said premises, notwithstanding the dissolution of said Waubun Company under section 221 of the General Corporation Law on July 27, 1910. In August, 1917, petitioner recovered a judgment in this State against the Waubun Company for rent due it at that time from October 1, 1915, on which date default was made, until April 3, 1917, and, as damages, the amount of the stipulated rent from the 3d day of April, 1917, the date on which summary proceedings to dispossess were instituted, until the date of commencement of the action. This judgment was for $43,515.66. The amount of rent paid after dissolution and up to October 1, 1915, was $109,374.94. Execution upon the judgment of August, 1917, was returned unsatisfied. The

plaintiff, then, with its execution returned unsatisfied, seeks an accounting of the liquidators of this corporat on, who were also the directors of the corporation during its life, seeking to charge them on behalf of the creditors of the corporation with certain items for which the plaintiff claims the defendants are responsible.

The first question that arises is as to the right of the plaintiff to bring this action. The action was dismissed by the trial court on the ground that the plaintiff was not such a creditor as entitled it to question the acts of the directors of the corporation, or of the liquidators. Section 221 of the General Corporation Law, providing for the voluntary dissolution and liquidation of stock corporations other than moneyed or railroad corporations, prescribes in subdivision 3 that: " Said corporation shall nevertheless continue in existence for the purpose of paying, satisfying and discharging any existing debts or obligations, collecting and distributing its assets and doing all other acts required in order to adjust and wind up its business and affairs, and may sue and be sued for the purpose of enforcing such debts or obligations, until its business and affairs are fully adjusted and wound up." Under subdivision 4 it is provided: " After paying or adequately providing for the debts and obligations of the corporation the directors may, with the written consent of the holders of two-thirds in amount of the capital stock, sell the remaining assets or any part thereof to a corporation organized under the laws of this or any other State, and engaged in a business of the same general character," etc.

In *People* v. *Metropolitan Surety Co.* (205 N. Y. 135) Judge VANN wrote an opinion as to the winding up of a surety company under the statute. In that case there was a continued liability which accrued after the dissolution of the corporation for insolvency, but before distribution. It was held that the distribution of actual assets must be made to accrued debts at the time of the petition for insolvency. In that case there are cited several bankruptcy decisions under the United States statutes providing for the payment by the bankrupt of all debts and liabilities. The fixing of the date of the presentation of the petition for dissolution as of the time when the accrued debts are to be ascertained, which are to be paid from the assets, was effected as a matter of public necessity, because it was necessary that the assets be promptly distributed, and if the assets must be held until after the determination of all debts and liabilities which had not accrued, the delay in the distribution of the assets of the insolvent corporation would be indefinitely prolonged. The bankruptcy cases referred to in that opinion hold that a lessor of premises under a contract of lease, where the rent had not become due and where the lessor had

taken possession of the premises under the lease, and with liability on the part of the bankrupt to pay such sum as should be due over and above the amount received through a re-rental by the lessor after taking possession, did not have an accrued debt at the time of the bankruptcy as to rent not accrued, so that he would be entitled to share in the assets of the corporation as a creditor of the corporation at the time of the presentation of the petition in bankruptcy. This liability upon such a lease was held to an extent uncertain. It is not determined, however, as to whether the lessor, without such a provision in the lease and without having taken possession of the premises, would not have such a claim as might be taken into consideration in the distribution of the assets of the corporation after having been valued. But that question is not necessarily here, as I view this case, because it is conceded that, after the payment of those debts that had accrued at the time of the presentation of the petition in bankruptcy or of the hearing of the petition for insolvency, under section 221 of the General Corporation Law the creditor with a debt not accrued would have the right in surplus assets. Now, if he has a right in surplus assets, it would seem to me clear that he would have the right to question whether those assets had been wasted or destroyed, and also would have the right to question whether the liquidators had properly recovered all the assets that were available. Here, also, it is unquestioned that all other creditors have been paid, and this plaintiff is the only creditor of the corporation, so that if any assets are recovered here, these assets would go entirely to this creditor by reason of the present existing debt of the corporation to the creditor. If, then, this creditor has any interest even in the surplus after payment of debts, it would seem to me that he has clearly the right to question any improper act either of the directors or of the liquidators, which has diminished the amount of surplus over accrued debts, out of which he has a clear right to have his judgment paid. If this be true, then the complaint was improperly dismissed, and the plaintiff may bring this action for an accounting.

Upon the accounting several questions will arise which have been discussed and practically determined by the Special Term, upon which it is proper that we should express an opinion for the guidance of the Special Term upon a new accounting which must be ordered. First, the plaintiff seeks to question the distribution of the dividend which was declared, as it is claimed by the plaintiff, from capital and not from profits of the corporation. This dividend was declared by the directors before dissolution, on April 21, 1910. At that time, however, this lease was in existence, so that all liabilities upon the lease, whether absolute or contingent, existed.

These directors clearly had the duty then to this plaintiff who had the obligation of the corporation, to hold the assets of the corporation in proper trust for the creditors, and any illegal declaration of dividends would seem to be an improper act for which the directors might be called to account.

Again, one Miss Lina Ettlinger let the corporation have some $8,000. She took a receipt from the corporation, saying that this money was a loan. She also took $8,000 of the stock of the corporation, which was mentioned upon the receipt as being collateral to this loan. Thereafter, just before the dissolution, they paid back to Miss Ettlinger the $8,000 and took back the stock. The Special Term has found that this was in fact a loan and was properly paid by the directors. It is claimed that as to creditors this could not be regarded as a loan, because of a report of the corporation that there was an amount of stock outstanding, which amount included this $8,000 of stock, which had been issued as collateral to this loan. They had a right to pay this loan if it was actually a loan, and I am not able to find in the mere act of the publication of this report sufficient to estop a corporation as against this creditor from claiming that it was a loan.

This corporation was engaged in the retail liquor business. They also held leases upon ten different cafes and restaurants in the city, one of which was upon the premises which the plaintiff had leased. Five of these cafes were run by two of the directors and liquidators, Gerken and O'Donnell. It is claimed that these two directors were not authorized to run these cafes for their private benefit, which were held by lease by the corporation, but must account to the corporation and to the plaintiff as its only creditor for the profit that they made. The circumstances as to these five cafes differ somewhat. In one of them, for instance, the corporation controlled by Gerken and O'Donnell made default in the payment of its lease, and a new lease was afterwards taken individually to Gerken or O'Donnell. In another it is claimed that they refused to renew a lease, which had expired, to the Waubun Company, and that Gerken took it individually in his own name; and other circumstances similar or somewhat similar exist in regard to the other three leases. Just what those facts are is not very clearly brought out, and this matter will have to be examined upon the accounting under the rule that the court will look jealously at the transactions between a corporation and its own officers, especially where it involves the transfer of leases either directly or indirectly; and if it holds that the officers caused such transfers to be made as against the interests of the corporation for private gain, then those officers will be held to have acted as trustees for the corporation and

accountable for any profits that they have made therein. It is impossible to state from this evidence whether the facts are sufficiently shown to indicate that there has been unlawful conduct on the part of these directors, and this matter may be determined more fully upon a new trial.

Finally there was a payment of $14,000 by the liquidators to settle claims amounting to about $350,000 under other leases held by the corporation. This payment was of a small sum to release a large liability. If the liquidators had made application to the court, the court clearly, in my judgment, would have approved of the settlements, and I do not think that this plaintiff has the right to make complaint here of these settlements, in view of the fact that there were other assets in the hands of the liquidators which might be applied to an extent to the payment of remaining claims. The case of *City of New York* v. *N. Y. & S. B. Ferry & S. T. Co.* (231 N. Y. 18) holds no different rule.

The judgment should, therefore, be reversed and the matter remitted to the Special Term for an accounting in accordance with the rules of law here declared.

CLARKE, P. J., LAUGHLIN and MERRELL, JJ., concur; GREENBAUM, J., concurs in result.

Judgment reversed and the matter remitted to the Special Term for an accounting in accordance with opinion.