CITY INVESTING COMPANY, Plaintiff, *v.* JOHN GERKEN et al., Defendants.

Supreme Court, New York Special Term, December, 1923.

Corporations — when directors will be charged with affirmative participation in declaration and payment of dividends — directors liable to judgment creditor irrespective of statute where dividend was knowingly declared from capital.

In a judgment creditor's action brought against certain directors of the judgment debtor it was found as a fact that G., one of the defendants, did not attend the meeting at which a dividend was declared and paid out of capital, but the complaint alleged and the answer admitted that all of the directors were present at a subsequent meeting "at which they were advised of the declaration and payment of said dividend and ratified and approved the same." *Held*, that coupled with other facts alleged, this was sufficient to charge G. with personal and affirmative participation in the declaration and payment of said dividend.

The evidence requiring a finding that the dividend was negligently and knowingly declared from capital, the directors were liable irrespective of statute, and though the form of action might be necessarily different, plaintiff was entitled to judgment.

ACTION by creditor for judgment against certain directors of corporation.

*Edward F. Clark* (*Leonard J. Reynolds*, of counsel), for plaintiff.

*Herbert H. Gibbs*, for defendants Gerken, O'Donnell and Harris.

PROSKAUER, J. The opinion of the Appellate Division on appeal from the result of a previous trial (200 App. Div. 503) establishes as the law of this case that the plaintiff can maintain this suit.

I find as a fact that the so-called Ettlinger transaction was merely

Supreme Court, December, 1923.                [Vol. 121

the repayment of a loan and not the purchase by the corporation of its own stock and, therefore, none of the defendants is liable therefor.

With respect to the dividend, I find as a fact that it was declared and paid out of capital. The defendant Gerken was not at the meeting at which the dividend was voted. If this circumstance stood alone it would free him from liability under the opinion of Mr. Justice Clarke in *Hutchinson* v. *Curtiss*, 45 Misc. Rep. 484. But the complaint alleges and the answer admits that all of the directors were present at a subsequent meeting " at which they were advised of the declaration and payment of said dividend and ratified and approved same." This, coupled with the other facts alleged, seems to me sufficient to charge Gerken with personal and affirmative participation in the declaration and payment of the dividend.

It is urged on behalf of all of the defendants that they should escape liability under the six years' Statute of Limitations affecting actions upon liability " created by statute." In *Shepard Co.* v. *Taylor Publishing Co.*, 234 N. Y. 465, " liability created by statute " is defined as " a liability which would not exist but for the statute." The circumstances require a finding that this dividend was negligently and knowingly declared by the directors from capital. Under these circumstances they were liable irrespective of statute, though the form of action might be necessarily different. *Darcy* v. *Brooklyn & N. Y. Ferry Co.*, 127 App. Div. 167; affd., 196 N. Y. 99; *Johnson* v. *Nevins*, 87 Misc. Rep. 430; *Brinckerhoff* v. *Bostwick*, 99 N. Y. 185; *Mason* v. *Henry*, 152 id. 529, 539; 14a C. J. § 1971 and cases there cited; Thomp. Corp. (2d ed.) §§ 5324, 5325.

There must, therefore, be judgment for the plaintiff.

Judgment accordingly.