SILVER'S LUNCH STORES, INC., Appellant, v. AUGUST S. BEHMAN and Others, Respondents.

Second Department, June 25, 1926.

Landlord and tenant — plaintiff is assignee of lease made in 1918 expiring in 1939 — landlord had option to terminate lease after ten years — plaintiff's assignor sublet premises for term expiring two days before expiration of original lease although landlord consented only to assignment of original lease — plaintiff received chattel mortgage on equipment in restaurant from sublessee — sublease was subsequently acquired through mesne conveyances by defendant holding company and landlord entered into long term lease with that company — sublease executed by plaintiff was not assignment of original lease — plaintiff did not consent to assignment of sublease to defendant holding company — plaintiff is entitled to possession of premises on failure of sublessees to perform — temporary injunction restraining defendants from interfering with property was improperly vacated.

Plaintiff in this action of ejectment is the assignee of the original tenant of the property in question. The original lease was made in 1918 and expires in 1939. The plaintiff's assignor entered into what was claimed to be a sublease of the premises in 1920 expiring two days prior to the termination of the original lease, although the landlord consented to an assignment only of the original lease. Plaintiff's sublessee executed a chattel mortgage to the plaintiff to secure the payment of the equipment in the restaurant. The sublease was subsequently assigned and the assignees paid the rent directly to the landlord and continued to make payments on the chattel mortgage. The sublease by assignment came into the possession of the defendant holding company in 1925 who received a long term lease from the landlord under which it agreed to remodel defendants' theatre and to construct an entrance thereto on the premises in question.

The sublease executed by the plaintiff which eventually came into the possession of the defendant was not an assignment of the original lease so that plaintiff lost all interest in the property at that time, but was actually a sublease under which in case the sublessees failed to perform the plaintiff had the right to recover possession of the premises and to retain them until the expiration of the original lease subject to the provision for cancellation at the end of ten years, and the defendants cannot rely upon their possession of the sublease, since the assignment thereof to the defendant holding company was not consented to by the plaintiff.

Accordingly, the plaintiff was entitled to a temporary injunction restraining the defendants from interfering with the property during the pendency of the action.

APPEAL by the plaintiff, Silver's Lunch Stores, Inc., from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 7th day of May, 1926, vacating an injunction in an action for ejectment.

*Henry M. Flateau* [*Charles H. Kelby* with him on the brief], for the appellant.

*Benjamin Reass* [*I. Henry Kutz* with him on the brief], for the respondents Behman.

*Leopold Blumberg*, for the respondent A. H. T. Holding Company, Inc.

RICH, J. The action is in ejectment. Its object is to recover the possession of premises No. 365 Fulton street, Brooklyn, together with damages in the sum of $50,000. Its basis is a lease entered into February 9, 1918, between defendants Behman and the Silver Lunch Company, for a term commencing May 15, 1918, and ending May 1, 1939. The Silver Lunch Company, on August 17, 1921, merged with the plaintiff in this action and its interest in the lease was transferred to plaintiff.

The Silver Lunch Company thereafter sold its restaurant business to the St. Elmo Lunch Company, Inc., and on April 9, 1920, entered into what is claimed to be a *sublease* of the premises for a term commencing April 9, 1920, and ending *April 28*, 1939, two days prior to the expiration of its lease with the defendants, although defendants only consented to an assignment of the lease. The St. Elmo Lunch Company, Inc., at the same time executed to plaintiff a chattel mortgage for $23,000, payable in monthly installments, and it is claimed that at the same time it also executed a mortgage covering the sublease, though it is not of record. The sum of $9,000 still remains unpaid upon the chattel mortgage. Since that time neither the Silver Lunch Company, Inc., nor plaintiff has paid any rent, which has been paid by the St. Elmo Lunch Company and its assigns directly to defendants Behman. The sublease by mesne assignments was thereafter transferred to

the Peterson Lunch Company, Inc., which paid the installments on the chattel mortgage from 1920 to 1925.

The lease between the owners in fee and the Silver Lunch Company, among other things, provided as follows:

" *Eighteenth.* If at any time, after the expiration of ten years, the landlord shall sell the premises of which the demised premises are a part, or shall require the same for the purpose of erecting a building thereon in connection with other adjoining property, they may have the right to terminate this lease and the estate hereby created, upon giving to the tenant three months' notice of their intention so to terminate the said term and by paying or tendering to the tenant at its said place of business a sum to be arrived at as follows:

" If the lease is terminated at the expiration of ten years, the sum of Ten thousand (10,000) dollars; and if the lease is terminated thereafter such sum as bears the same proportion to ten thousand (10,000) dollars as the term of unexpired years, at the time of such cancellation bears to eleven years."

The sublease between plaintiff's assignor and the St. Elmo Lunch Company, Inc., contained a similar provision except that it provided that the payment of $10,000 on the termination of the lease should be made by the defendant.

The Peterson Lunch Company, Inc., abandoned the premises on February 2, 1925, after it had received from the defendants, it is alleged, the $10,000 pursuant to paragraph " eighteenth " of the terms of the original lease. The payment, it is claimed, was made upon the theory that Peterson had succeeded, as the assignee of the St. Elmo Lunch Company, Inc., to all the rights under the sublease, but what actually happened is that the defendant holding company acquired Peterson's interest in the sublease for $10,000. The defendants, after the recovery of the possession of the premises, entered into a long term lease with the defendant A. H. T. Holding Company, Inc., in and by which the latter agreed to remodel defendants' theatre and construct an entrance thereto on the Fulton street premises, the subject of this action.

Plaintiff commenced this action on April 22, 1925, and at the same time moved for a preliminary injunction. The original complaint was for an injunction to restrain the defendants from altering the store and basement located at 365 Fulton street. The defendant holding company appeared in the action, answered, and moved for a preference, but shortly thereafter plaintiff withdrew its motion for a temporary injunction and served an amended complaint, in which the relief asked was for ejectment and for damages arising out of waste. The defendant holding company

had extensively advertised its purpose by means of signs and posters upon the premises, and after the withdrawal of the action for an injunction, it commenced the alterations and entered into obligations to the extent of a quarter of a million dollars. Plaintiff, on April 22, 1926, procured an *ex parte* injunction, restraining the defendants, during the pendency of the action and until further order of the court, from altering in any manner the premises in question. Defendants' subsequent motion to vacate the injunction has been granted upon condition that defendants file an undertaking in the sum of $15,000 to pay to plaintiff any judgment that it may recover in this action, and from the order entered thereon plaintiff appeals.

The only question involved is whether plaintiff had an absolute right to the possession of the premises under its lease of February 9, 1918, between defendants Behman and the Silver Lunch Company, or passed out of the picture when it obtained the defendants' consent to the assignment of this lease to the St. Elmo Lunch Company, Inc. This depends upon whether or not the agreement between the plaintiff and the St. Elmo Lunch Company, Inc., is to be construed as an *assignment* or a *sublease*. The cases seem to indicate that to be an assignment it must be absolute, full and unconditional. (*Towle* v. *Remsen*, 70 N. Y. 303, 319; *Davis* v. *Morris*, 36 id. 569; *Collins* v. *Hasbrouck*, 56 id. 157; *Ganson* v. *Tifft*, 71 id. 48.) While a copy of the so-called sublease is not attached to the complaint, it is therein alleged that the Silver Lunch Company, entered into a *sublease* of the premises for a term commencing April 9, 1920, and ending April 28, 1939, *two* days prior to the expiration of the original lease between the Silver Lunch Company and the defendants Behman. In the written consent to the assignment of the original lease, it was agreed that the Silver Lunch Company should not be released from its liability under the lease with the defendants. The defendant holding company has undoubtedly acquired the interest of Peterson, the last assignee under the sublease, but it is undisputed that plaintiff never consented to this assignment, although it consented to all the other mesne assignments, because it made no effort to evict the assignees, and received from them payments on account of its chattel mortgage. It also appears that the rental under the lease was not paid by plaintiff to defendants, but by the assignees of the sublease direct to defendants.

It is clear that neither the defendant holding company nor the defendants Behman, the paramount landlords, has acquired whatever interest, if any, the plaintiff now holds under its original lease with the defendants Behman. The learned Special Term was

evidently of the opinion that the withholding by plaintiff in its sublease to the St. Elmo Lunch Company, Inc., of two days out of its term of ten years could not confer upon plaintiff any right to possession under the terms of its original lease. This court is of the opinion, however, that the plaintiff's agreement with the St. Elmo Lunch Company, Inc., was a *sublease* and not an *assignment*, and under the circumstances, if the plaintiff's original sublessee or its assigns failed to perform the covenants of the sublease, the plaintiff was entitled to recover possession of the premises, and to retain them until the expiration of the original lease, to wit, May 1, 1939, subject to the provisions of paragraph 18 of the original lease, which provides for its termination at the expiration of ten years, upon payment to plaintiff of the sum of $10,000.

It follows that the learned Special Term erred in vacating the injunction, and the order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied.

KELLY, P. J., JAYCOX, KAPPER and LAZANSKY, JJ., concur.

Order vacating injunction reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied.