GUIDE REALTY COMPANY, Plaintiff, *v.* EUGENE LUCAS and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Fifth District, June 7, 1934.

*Miller & Caniell*, for the plaintiff.

*Henry A. Solow*, for the defendant Aronstein.

SULZBERGER, J.    The plaintiff seeks to recover the sum of $700 for rent for an apartment in premises No. 28 Riverside drive, New York city, under the terms of a written lease entered into between the plaintiff as landlord and the defendant Eugene Lucas as tenant.    The rent sued for is for a period of four months at the rate of $175 per month.

The defendant Robert Aronstein guaranteed to the plaintiff in writing the performance of the terms of the lease by said defendant Lucas.    Said written guaranty provides that the said defendant Aronstein " guarantees to the landlord, its successors and assigns the full performance and observance of the covenants, conditions and agreements therein provided to be performed and observed by the tenant including the rules and regulations as therein provided without requiring any notice of non-payment, non-performance or non-observance, or proof of notice or demand whereby to charge the undersigned therefor, all of which the undersigned hereby expressly waives and expressly agrees that the obligation shall not be terminated or affected by reason of summary proceedings against the tenant."

The defendant Lucas entered into the possession of said premises and remained there until in or about December, 1931.

Thereafter one Ben Alley entered into possession of said demised premises without the consent, express or implied, of the defendant Robert Aronstein, but at the request of the defendant Eugene Lucas, and continued in possession and the said Ben Alley paid all the rental required by him to be paid with the exception of the $700 for which this action is brought.

The question presented for the consideration of the court is whether or not by reason of the foregoing circumstances the defendant Aronstein was discharged of and from his guaranty of performance of the said lease by the defendant Lucas.

The law is well settled that the original tenant remains liable upon his lease although he assigns the same to another tenant, and even though the landlord consents to said assignment and accepts rent from the assignee.    (*Halbe* v. *Adams*, 172 App. Div. 186.)

This is true even though the assignee assumes the obligations of the lease. (*Brill* v. *Friedhoff*, 184 App. Div. 673; affd., 229 N. Y. 547.)

The guarantor is not relieved from his agreement unless the terms of the lease are altered by imposing greater liability upon the guarantor, or unless a new lease has been made between the landlord and the assignee.

In the case of *Flank* v. *Kuhlmann* (63 Misc. 334) Mr. Justice SEABURY said (at p. 336): "If these several assignments were made with the consent of the landlord, as I think they were, and not in violation of the terms of the lease to Kuhlmann, they did not operate to release the surety; and the fact that she had no knowledge of them and did not consent to them is immaterial. (*Morgan* v. *Smith*, 70 N. Y. 537.) If the assignment by Kuhlmann to Gerdes was made in violation of the clause in that lease against assignment without the written consent of the landlord, I do not think that, under the terms of the guaranty, the surety can take advantage of this breach of one of the covenants of the lease by Kuhlmann." (See, also, *Hall* v. *Ochs*, 34 App. Div. 103.)

The case of *American Taximeter Co.* v. *MacQueen* (197 N. Y. Supp. 595), cited by the defendant, is clearly distinguishable because in that case the original lease was rescinded by the action of the parties and a new lease given to the assignee.

Judgment for the plaintiff in the sum of $700, with interest. Five days' stay.