John D. Capilli, J.
This is an action for summary proceedings wherein the petitioner landlord has moved to recover possession of the real property known as 85 Inip Drive, Inwood, New York, from the respondents, more specifically, from the tenant respondent Bailey, Green & Elger, Inc.
The petitioner landlord entered into a 20-year lease of commercial property with the Lyntex corporation, (hereinafter referred to as “Lyntex”), on September 26, 1968. In accordance with the provisions in this more than 50-page agreement, Lyntex assigned the lease to the respondent on January 7,1969. Paragraph 35 of the lease stated in substance that any assignee had to assume all of the terms, covenants and conditions of the lease. The assignment itself provided that the assignee took subject to the rents, covenants and provisions of the lease. This paragraph also provided that regardless of any assignments, the landlord could, and would, look to Lyntex and that Lyntex continued to be primarily liable under the original lease agreement.
Among the many detailed and varied provisions of the lease is a paragraph 41 (f). This paragraph pertains to any insolvency on the part of Lyntex, and in clear, unambiguous language provides for an acceleration of the lease’s termination date. *236 The pertinent words are as follows: ‘ ‘ 41st (f): If tenant be adjudicated a bankrupt or make an assignment for benefit of its creditors or institute or be subjected to any insolvency or reorganization proceeding, or if a receiver or assignee for creditors be appointed of its property or a levy be made thereon under execution of judgment and such bankruptcy or other proceeding, receivership, or assignment or levy shall not be discontinued or vacated within thirty (30) days, then and in any one or more of such events, (a) to (f) supra, the landlord shall be privileged, but not obligated, to cancel and terminate this lease by giving at least ten (10) days written notice to tenant, whereupon this lease and all rights of tenant hereunder shall cease, terminate and come to an end on the date fixed in said notice as if such was the date originally fixed for the expiration of this lease.”
The event contemplated by the original parties in paragraph 41 (f) occurred on or about July 25, 1973 when Lyntex, the assignor, filed for a voluntary arrangement under chapter 11 of the Bankruptcy Act (U. S. Code, tit. 11). In this voluntary chapter 11 arrangement the petitioner landlord was not named as a creditor and did not receive any word or notice of the filing pursuant to chapter 11 until the last week of November, 1973, notwithstanding that a restraining notice had been granted on July 25, 1973 by the appropriate Federal court and it was not served on the petitioner landlord until December 4, 1973. On November 28, 1973, the petitioner, in accordance with the provisions of paragraph 41 (f), notified Lyntex, assignor, and the respondent assignee that the action taken by Lyntex was a contravention of the lease and impaired the landlord’s security in the lease and that unless the proceeding was discontinued within 30 days the landlord would exercise its right to terminate the lease.
On February 7, 1974, the petitioner landlord served written notice on Lyntex, assignor, and the respondent Bailey, Oreen & Eiger, Incorporated (hereinafter referred to as “Bailey”), the assignee, that the lease would terminate on February 28, 1974.
When the respondent assignee did not vacate the premises on March 1, 1974, this present summary proceeding was commenced.
The question to be resolved is whether a conditional limitation was created by the language of paragraph 41 (f) in the lease originally executed between the petitioner landlord and Lyntex, the assignor.
*237 This specific purpose clause in the lease was activated when Lyntex, assignor, voluntarily filed for a chapter 11 under the Bankruptcy Act.
It is basic elementary law that Lyntex, the assignor remained in privity of contract with the landlord even after the assignment to the respondent Bailey, and its liability on the express covenants and conditions in the lease survived any assumption of the lease by the respondent (Brill v. Friedhoff, 184 App. Div. 673, affd. 229 N. Y. 547). The landlord and tenant bargained for certain rights and responsibilities in the lease. Just as in any contractual arrangement, neither party may rid itself of contractual liability “ merely by abandoning it ”, (Rasch, New York Landlord and Tenant [2d ed.], § 194.)
The landlord fulfilled the terms of the original lease by giving all of the proper notices required under paragraph 41 (f), as to both Lyntex, the assignor, and respondent Bailey, the assignee.
The bankruptcy clause in a lease is permissible and the landlord has a right to enforce such provision when properly provided for and to further and ultimately consider the lease terminated. (See Murray Realty Co. v. Regal Shoe Co., 265 N. Y. 332; Gillette Bros. v. Aristocrat Rest., 239 N. Y. 87; Matter of Feist & Feist v. Long Island Studios, 29 A D 2d 186; Sixth Ave. Realty Co. v. Zeiler & Co., 156 N. Y. S. 372.)
The actual termination of the lease occurred when Lyntex, the assignor, failed to discontinue its bankruptcy proceeding within a 30-day period provided for. The notice of termination mailed on November 28, 1973 clearly notified the assignor and the assignee that the bankruptcy proceedings would have to terminate within 30 days or the landlord ‘1 be privileged to cancel and terminate the lease
The letter of February 7, 1974 was a restatement of the November 28, 1973 letter which clearly spelled out that due to the failure of the assignor and the assignee to discontinue or vacate the bankruptcy proceeding, the landlord elected to terminate the lease effective February 28, 1974. Actual termination of this lease was effective on February 7, 1974 (see Martin v. Crossley, 46 Misc. 254) because there had not been compliance with the 30-day notice to discontinue or vacate the bankruptcy proceeding.
The petitioner landlord elected the date of February 28, 1974 as the date when all the rights and interest as originally contracted for between the petitioner landlord and Lyntex, the assignor, ended.
*238 It is axiomatic that an assignee cannot have any greater rights than its original assignor. Therefore, since the basic purpose of the assignment was to transfer one’s interest to another, the assignee, Bailey, Green & Eiger, had no greater right than the original tenant, Lyntex, the assignor.
In passing, the court must comment that it is fully aware of the hardship placed upon the respondent assignee, Bailey, Green & Eiger, by this decision, particularly when one considers the expense and man-hours to relocate. However, the facts, coupled with the case law reviewed, cannot he ignored but must lead to a finding in favor of the petitioner landlord after trial. The court further finds that the respondent assignee, Bailey, Green & Eiger, is considered a holdover and must vacate the premises and surrender possession thereof. The warrant of eviction is stayed for a period of 30 days from the date of this decision.
It is the further order of this court that the respondent assignee be liable for the fair value for the use and occupation of the premises from March 1,1974. The attorneys for the petitioner landlord are to submit a separate judgment with accompanying affidavit for attorneys’ fees as requested in the petition.