OPINION OF THE COURT
Ascher Katz, J.
Respondent moves by order to show cause, signed by Honorable Russell G. Leggett, County Court Judge, to vacate a judgment and warrant of eviction for nonpayment of rent. The petitioner was granted a default judgment on August 16, 1977 with a five-day stay for failure of respondent to pay the August, 1977 rent, and the judgment and warrant were signed by the undersigned on August 23, 1977. Intervenors subsequently made the instant application, and on October 4, 1977 *471 this court directed a hearing of the issues which, after adjournment, was held on October 28, 1977.
The court finds that on February 12, 1973 petitioner (landlord) entered into a 10-year lease with Deli-Dens, Inc., for a delicatessen. On November 23, 1976, tenant conveyed all of its interest in the delicatessen to the respondent, Hirsch & Sons Deli World, Inc.; at the same time, with the express written consent of the petitioner (landlord), tenant assigned its lease to respondent. Simultaneously, with the delivery of the assignment of the lease, respondent reassigned the lease to the intervener, Scolari, Brevetti, Goldsmith & Weiss, attorneys, as nominee of Deli-Dens Inc., to secure the sale of the business from Deli-Dens, Inc., to Hirsch & Sons Deli World, Inc., and took back a lease from Scolari, Brevetti, Goldsmith & Weiss, Esqs. Petitioner was given notice of the transaction by letter dated November 29, 1976. The assignment to Scolari, Brevetti, Goldsmith & Weiss, Esqs., was later recorded on May 13, 1977 in the Westchester County Clerk’s office, about 2.V£ months prior to the institution of the instant summary proceeding.
When respondent failed to pay the August, 1977 rent, petitioner commenced the instant proceeding without naming intervenors as a party.
Petitioner (landlord) claims that the purported notice of assignment fails to comply with paragraph 11 of the lease requiring prior written consent by landlord to an assignment. It is noteworthy that paragraph 72 of the lease prohibits unreasonable withholding of such consent.
Petitioner had notice of the assignment from intervenors. Beyond the bare technicalities of receipt of notice of assignment or of the granting of prior written consent by landlord, business practice mandates that in a sale of a business an assignment of lease with lease back and the creation of lien and possessory interest in the personalty and leasehold is a common, indeed vitally indispensable, practice. Further, intervenors recorded the 10-year lease, which, under certain circumstances, is notice thereof. (See Stolts v Tuska, 76 App Div 137.) The cases cited by all the parties appear to be inapposite because they dealt with such situations as vacant premises, resulting in loss of the jurisdictional basis for the summary proceedings (First Nat. City Bank v Wall St. Leasing Corp., 80 Misc 2d 707) or dealt with the subleasing of a term where two days of the lease were reserved (Silvers Lunch Stores v Behman, 217 App Div 243). In particular, the decision
*472 in Howard Stores Corp. v Robinson Rayon Co. (64 Misc 2d 913, affd 26 AD2d 911) (with strong dissent) reveals what appears to be a harsh result more rooted in the formalism of medieval jousting over interests in real property than having reference to the realities of the Twentieth Century; in particular, this court was impressed by the learned dissent of Mr. Justice Markowitz in the Appellate Term.
Fortunately, the Legislature has provided a remedy in its enactment of section 235-c of the Real Property Law whose purpose is to engraft the spirit of the Uniform Commercial Code into landlord and tenant relationships and to mandate a judicial -policing against unconscionable results without strained construction of legal principles. (Edgemont Assoc. v Skolnick, 90 Misc 2d 761.)
All parties have invested significant energy, time and money in the real estate which is the subject of this proceeding. The court finds that the intervenor has a sufficient interest as to require its recognition and protection under law. To permit an eviction to run to conclusion without affording the intervenor a right to defend on the merits would permit the lease provision regarding assignment to produce an unconscionable result and would impose a penalty.
Under its power pursuant to section 212 of the UJCA, the court dismisses the petition without prejudice. Final judgment and warrant vacated.