■ CHEZ NOUS, INC., Appellant, v AUGUSTE DENAMIEL, Respondent. AUGUSTE DENAMIEL, Respondent, v JACK DOCK et al., Appellants.—Order, Supreme Court, New York County (David Saxe, J.), entered December 26, 1989, which dismissed the petition of Chez Nous, Inc. ("Chez Nous") seeking an order directing respondent to consent to the assignment of the premises at issue, and Order of said court, entered June 14, 1990 (as resettled by order of said court entered on October 3, 1990), which, *inter alia,* denied petitioner's motion for reargument, and granted the cross-motion of respondent Denamiel, unanimously affirmed, with costs.

Respondent Denamiel, the owner of premises at 322 East 86th Street, operated a restaurant on the ground floor at that location. In May, 1981, he sold the restaurant business, leas-

ing the restaurant space to Claude Sarfati for a term expiring August 31, 1991. Eventually, the lease was assigned to Cardinal Restaurant, Inc. ("Cardinal") and by Cardinal to Chez Nous, Inc. and Chez Nous transferred its interest in the premises to Sonar-Gaon, Inc. ("Sonar").

In February 1989, respondent started an action against Sonar, Chez Nous and Cardinal for non-payment of rent. While checks were ultimately tendered for the rent due, the checks were dishonored for insufficient funds. On March 23, 1989, Sonar surrendered possession of the premises to Chez Nous. When Chez Nous asked for respondent's consent to assign the lease to the third party, respondent refused. Chez Nous instituted a proceeding seeking, *inter alia,* an order directing respondent to consent to the assignment. The proceeding was ultimately dismissed on the ground that Chez Nous had surrendered its entire interest to Sonar, and thus its rights in the premises had been extinguished.

Petitioner asserts that its transfer of the lease to Sonar was a "sublease" and not an "assignment". However, the record reveals that petitioner transferred its entire interest to Sonar, and thus had no interest to assign to a third party. While petitioner asserts that it retained a one-day reversionary interest, the lease documents clearly reflect that the "sublease" from Chez Nous to Sonar was to terminate on the same date as the overlease. *(Cf., Silver's Lunch Stores v Behman,* 217 App Div 243.) Moreover, petitioner's security interest does not alter the nature of the interest conveyed. *(See, Gillette Bros. v Aristrocrat Rest.,* 239 NY 87.)

In view of this determination, we need not consider the remaining claims. Concur—Sullivan, J. P., Milonas, Kupferman, Kassal and Smith, JJ.