■ In the Matter of GARY D. GOLDBERG, Appellant, v ANDREW M. HARWOOD, Respondent, et al., Respondents. [628 NYS2d 105] —Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered on or about March 24, 1994, which denied petitioner's application to declare that respondent Andrew M. Harwood, as purchaser of the assets of the respondent public corporation Harwood-Goldberg Surveying & Engineering Associates, P. C., was an assignee of the corporation's lease; order, same court and Justice, entered on or about May 2, 1994, which denied petitioner's application to set aside the sale of the dissolved corporation's assets; and order, same court and Justice, entered on or about June 17, 1994, which, *inter alia*, approved payment by the Referee of $209,846.80 in settlement of the landlord's claims under the unexpired term

of the respondent corporation's lease, unanimously affirmed, with one bill of costs.

Pursuant to Business Corporation Law § 1005 (a) (2), a dissolved corporation remains in existence for the purpose of winding up its affairs, "with power to fulfill or discharge its contracts, collect its assets, sell its assets for cash at public or private sale, discharge or pay its liabilities, and do all other acts appropriate to liquidate its business". Consistent with this purpose of winding up the corporate affairs and extinguishing the debts of the dissolved corporation is "[t]he rule of general application in the United States * * * that a lease to a corporation is not terminated by the dissolution of the corporation * * * [and that] unless the lease so provides, the rights and obligations thereunder are not extinguished by the corporation's dissolution" (*Kelly v Alstores Realty Corp.*, 250 NJ Super 11, 15, 593 A2d 347, 349, *affd* 130 NJ 313, 613 A2d 1163). Accordingly, where, as in this case, the trustees or the successors of the dissolved corporation do not choose to maintain the preexisting lease in effect, the landlord may seek to enforce its rights under the lease against the estate or assets of the dissolved corporation (*see,* 49 Am Jur 2d, Landlord and Tenant, § 997; *accord,* 16A Fletcher, Cyclopedia of Corporations § 8124 [1988]).

Absent an express assumption of the rights and obligations of the preexisting lease by the purchaser of the assets of the dissolved corporation, and the landlord's consent to an assignment, as required by the lease, neither of which occurred here, the landlord continued to be a creditor of the dissolved corporation with a claim against the proceeds of the sale of its assets (*see, City Investing Co. v Gerken,* 200 App Div 503). The landlord's right to enforce its claims under the unexpired term of the lease against the corporation, which ripened after dissolution, was expressly reserved under the lease rider, and is enforceable (*see, Bowditch v 57 Laight St. Corp.,* 111 Misc 2d 255). Nor was there error in settling the landlord's claims by way of a lump sum payment in order to facilitate the winding up of the corporate affairs.

We have considered petitioner's other arguments and find they are without merit. Concur—Sullivan, J. P., Rubin, Asch and Williams, JJ.