■ ROBERT POOLE, Respondent, v ANGELINA PELLATI, Appellant. [674 NYS2d 433] —In an action to recover damages for wrongful eviction, breach of contract, and property damage, the defendant appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Suffolk County (Hall, J.), dated May 21, 1997, which, *inter alia,* upon searching the record, granted the plaintiff summary judgment on the issue of liability as to that branch of the plaintiff's first cause of action which sounded in breach of contract, and dismissed the defendant's counterclaims.

Ordered that the order is affirmed insofar as appealed from, with costs.

In September 1984 the plaintiff, Robert Poole, as assignee of Village Deli, Inc., and Anthony Crisci entered into a 10-year

lease with Dante J. Pellati, Sr., for the premises located at 376 Deer Park Avenue, Babylon, to be used as a delicatessen. When Pellati died, the premises were bequeathed to his wife, Angelina Pellati, the defendant herein. In 1989, Village Deli, Inc., which had operated the delicatessen, entered into an agreement with Anne DeFrisco of DeFrisco Deli, Inc., for its sale. At about this time, the plaintiff and Crisci and DeFrisco Deli, Inc., executed an "assignment and assumption" of the lease by DeFrisco Deli, Inc. The plaintiff and DeFrisco also executed a "Collateral Assignment of Lease" (hereinafter Collateral Assignment) from DeFrisco to the Village Deli, Inc., or its assign, as security for payment of the sales price. This Collateral Assignment provided that in the event DeFrisco Deli, Inc., defaulted on any of the conditions to be performed by it as required by the sales agreement or the terms and conditions of the lease, the Village Deli, Inc., or its assign, the plaintiff, could declare the Collateral Assignment "immediately operative and effective".

When DeFrisco Deli, Inc., defaulted on the rent, the defendant commenced a summary eviction proceeding for nonpayment of rent, naming, *inter alia*, the plaintiff and Village Deli, Inc., as respondents. However, neither the plaintiff nor Village Deli, Inc., were served with any notice or demand for rent as required by the lease agreement or the Real Property and Proceedings Law nor did the defendant serve the plaintiff or Village Deli, Inc., with the petition in the summary eviction proceeding. Nevertheless, a judgment was granted and a warrant of eviction issued pursuant to which the Sheriff of Suffolk County evicted the tenants and, thereafter, the fixtures on the premises were torn out or destroyed.

The plaintiff commenced this action claiming that pursuant to RPAPL 711 and the terms of the lease, he should have been notified of the rent default and given the opportunity to cure the default, exercise his right to reentry, and protect the deli business and his secured property located on the premises. Although the defendant concedes that she did not give proper notice to the plaintiff, she argues that she was not required to give such notice as she was no longer in privity with the plaintiff due to the assignment and assumption of the lease by DeFrisco Deli, Inc.

Contrary to the defendant's contentions, although the assignee DeFrisco Deli, Inc., assumed the obligations of the lease agreement, privity of contract remained between the plaintiff and the defendant, the original contracting parties to the lease (*see, Brill v Friedhoff,* 184 App Div 673, *affd* 229 NY 547; *Inip*

*Co. v Bailey, Green & Elger,* 78 Misc 2d 235). Accordingly, the defendant breached the lease by her conceded failure to notify the plaintiff of the assignee's rent default, as required by paragraph 12 of the lease and RPAPL 711 (2), and by her failure to serve the plaintiff with notice of the subsequent summary eviction proceeding.

In addition, the record reflects that the defendant had, by her conduct, consented to the assignment and assumption of the lease, as well as the Collateral Assignment between the plaintiff and the assignee DeFrisco Deli, Inc. The plaintiff was therefore entitled to reenter the premises and, accordingly, any claim for damages he allegedly sustained may be asserted against the defendant as well as against DeFrisco Deli, Inc. (*see, Mann v Munch Brewery,* 225 NY 189; *Fotiadis v 313 W. 57th Assocs.,* 176 AD2d 565; *Pine Top Assocs. v Hirsch & Sons Deli World,* 92 Misc 2d 470; *Nipet Realty v Melvin's Rest. & Bar,* 67 Misc 2d 790). O'Brien, J. P., Sullivan, Pizzuto and Joy, JJ., concur.