OPINION OF THE COURT
Per Curiam.
Order dated March 14, 2002 reversed with $10 costs, appellants’ motion to vacate the default judgment is granted, and the matter is remanded for farther proceedings on the petition consistent with this decision.
Appeal from order dated February 28, 2002 dismissed, without costs, as academic.
The default judgment must be vacated because of landlord’s failure to name and join a necessary party, appellant K&G Food Market, Inc. K&G, the tenant under a commercial lease for the sale of fancy groceries and other items, sold its assets and assigned the lease to respondent Midtown Gourmet Food Market, Inc. Simultaneously, the lease was reassigned back to K&G, which then subleased the premises to Midtown for a term of 10 years. Landlord consented to these transactions in writing. The subsequent commencement of nonpayment proceedings solely against Midtown — a subtenant — without joining K&G, was ineffective to terminate K&G’s tenancy rights since K&G continued as tenant of record and sublessor pursuant to the reassignment and sublease (see, 2 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings §§ 38:16, 38:17 [4th ed]; Poole v Pellati, 251 AD2d 480).
Civil Court recognized these controlling principles, but declined to afford any relief to K&G in this proceeding on the ground that it had filed a certificate of corporate dissolution.* However, this filing did not defeat K&G’s possessory interest. Generally, a lease to a corporation is not terminated by the dissolution of the corporation and, unless the lease so provides, the rights and obligations thereunder are not extinguished by the corporation’s dissolution (see, Matter of Goldberg v Harwood, 216 AD2d 152, affd 88 NY2d 911). Until dissolution is complete, the corporation continues to hold title to assets (see, Wells v Ronning, 269 AD2d 690, 692). On this record, where details of the corporate dissolution are not set forth, it cannot be said that K&G has forfeited its rights under the preexisting lease. Accordingly, the matter is remanded to Civil Court for proceedings on the nonpayment petition, at which K&G shall be joined as a party respondent.
*790 The court notes that reletting of the premises was stayed by Civil Court pending determination of this appeal.
McCooe, J.P., Gangel-Jacob and Schoenfeld, JJ., concur.

 K&G was granted leave to pursue its claims in a plenary action.